Jay Calhoun (Bar No. 022836)
THE CALHOUN LAW FIRM, PLC
P.O. Box 2995
Tempe, Arizona 85280
firm@law4sb.com
Tel: (480) 967-1800
Fax: (480) 967-1810

Attorneys for Defendant Rowland Network Communications, LLC

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| James Whitlow Delano,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Rowland Network Communications, LLC, an Arizona limited liability company,<br><br>　　　　Defendant. | Case No. 2:19-cv-02811-DLR<br><br>**DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED.R.CIV. P. RULE 12(B)(6)**<br><br>The Honorable Douglas L. Rayes |

Defendant Rowland Network Communications, LLC ("Rowland") moves to dismiss plaintiff's complaint James Whitlow Delano's copyright infringement claim under Federal Rule 12(b)(6) in its entirety and with prejudice.

**I.    PRELIMINARY STATEMENT**

This is a copyright infringement action in which plaintiff James Whitlow Delano, a photographer claims that defendant Rowland Network Communications, Inc. "ran an article" on its website entitled "This is What the U.S.-Mexico Border Wall Actually Looks Like"

1

and the article featured plaintiff's photograph. (Doc. 1 at ¶ 10). Plaintiff alleges the photograph was registered with the United States Copyright Office under the registration number VA 2-070-144. (Doc. 1 at ¶ 9).

Plaintiff's copyright claim is barred by statute of limitations and it should be dismissed. Exhibit B attached to plaintiff's complaint shows part of the photograph was posted on March 7, 2016. (Doc. 1-3). Plaintiff sued on May 2, 2019, well after the statutory limit under 17 U.S.C. § 507. Besides the Complaint being barred by the statute of limitations, Rowland's use was fair use, it was also *de minimis* use and plaintiff failed to properly serve Rowland. Thus, the Complaint should be dismissed in its entirety, with prejudice because leave to amend would be futile.

Under the Court's Order (Doc. 10) regarding Rule 12(b) motions, this motion was preceded by a conference of counsel, conducted by telephone on August 5, 2019, 1:00 pm Arizona time to determine whether this motion could be avoided. The undersigned certifies that counsel for Rowland Network and Mr. Delano conferred to determine whether an amendment of the complaint could cure a deficient pleading, but the parties could not agree that the pleading could be cured via amendment.[1] Plaintiff could have filed an amended complaint but failed to do so, which demonstrates plaintiff's complaint should be dismissed.

## II.    LEGAL STANDARDS

### A.    Standard For Dismissal For Failure To State A Claim Upon Which Relief Can Be Granted

---

[1] Plaintiff's MIDP was due on or before June 3, 2019. To date, plaintiff has not served its MIDP, which is now 72 days past due and counting.

Plaintiff's Complaint fails as a matter of law and fact. Under Federal Rule of Civil Procedure 12(b) (6), a purported cause of action may be dismissed when the complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), the complaint must meet two criteria:

1.   It must assert a ***plausible*** claim; and

2.   It must set forth sufficient factual allegations to support the claim.

*Iqbal*, 129 S. Ct. at 1949-50 (citing Twombly, 550 U.S. 554). In *Twombly*, the Supreme Court squarely rejected the Rule 12(b)(6) standard under *Conley v. Gibson* 355 U.S. 41, 45-46 (1957). *Twombly*, 550 U.S. at 560-61.  Pleadings are no longer satisfied by "an un adorned the-defendant-unlawfully-harmed me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Now, neither a "formulaic recitation of the elements of a cause of action" nor "naked assertions [of fact] devoid of further factual enhancement" will withstand dismissal. *Id*.

To satisfy the new standard under *Twombly* and *Iqbal*, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (citing *Twombly*, 550 U.S. at 570).  A claim has facial plausibility when the plaintiff pleads enough factual content that allows the court to draw the reasonable inference that the defendant is liable under the alleged claim. *Id*. (citing *Twombly*, 550 U.S. at 556). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*.

at 1950.  Therefore, if allegations are merely "conclusory," they are "not entitled to be assumed true." *Id*.  Even if the factual allegations may have an assumption of truth, however, the facts must also "plausibly suggest an entitlement to relief." *Id*. at 1951.

Plaintiff's claim fails under *Twombly* because plaintiff's complaint contains formulaic recitations of the elements and is barred.

### III.   ARGUMENT AND AUTHORITIES

#### A.   The Copyright Claim is Barred by the Statute of Limitations

Plaintiff alleges Rowland infringed upon its copyright by March 7, 2016. Plaintiff sued on May 2, 2019. (Doc. 1-3) Civil actions for copyright infringement must be brought within three years after the claim accrues. 17 U.S.C. 507(b) ("No civil action shall be maintained. . .unless it is commenced within three years after the claim accrued.") A claim for copyright infringement accrues "when plaintiff knows of the potential violation or is chargeable with such knowledge." *Roger Miller Music, Inc. v. Sony/ATV Publ'g LLC*, 477 F.3d 383, 389 (9th Cir. 2007).  The limitations period generally runs at the point when "the plaintiff can file suit and obtain relief." *Ibid*.  A copyright claim thus arises or "accrue[s]" when an infringing act occurs. *Petrella v. MGM*, 572 U.S. 663, 671 (2014).

Plaintiff's Complaint alleges the "infringing act" occurred by March 7, 2016. (Doc. 1, Doc. 1-00). Based on the face of plaintiff's complaint, plaintiff should have commenced this action by March 7, 2019. Plaintiff did not. Plaintiff's copyright infringement claim against Rowland asserted on May 2, 2019, is barred and untimely.

#### B.   THE COMPLAINT FAILS TO STATE A CLAIM FOR COPYRIGHT

**INFRINGEMENT**

**1.     Rowland's Use of the Photograph Was *Fair Use***

Protection of copyrighted works is not absolute. "The fair use defense permits the use of copyrighted works without the copyright owner's consent under certain situations." *Amazon,* 508 F.3d at 1163. Fair use both fosters innovation and encourages iteration on others' ideas, "thus providing a necessary counterbalance to the copyright law's goal of protecting creators' work product." *Id.; see Campbell v. Acuff-Rose Music, Inc.,* 510 U.S. 569, 575-76, 114 S.Ct. 1164, 127 L.Ed.2d 500 (1994). Fair use also aligns with copyright's larger purpose "'[t]o promote the Progress of Science and useful Arts,' . . . and to serve `the welfare of the public.'" *Amazon,* 508 F.3d at 1163 (quoting U.S. Const. art. I, § 8, cl. 8, and *Sony Corp. of Am. v. Universal City Studios, Inc.,* 464 U.S. 417, 429 n.10, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984)).

The Copyright Act specifies four non-exclusive factors that must be considered to determine whether a particular use is fair: (1) the purpose and character of the use; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used; and (4) the effect of the use on the market for the original.  This is "an open-ended and context-sensitive inquiry."  *Cariou,* 714 F.3d at 705 (citations omitted).  The "ultimate test of fair use, therefore, is whether the copyright law's goal of 'promoting the Progress of Science and useful Arts' . . . would be better served by allowing the use than by preventing it."  Castle Rock, 150 F.3d at 141 (brackets, quotation, and citations omitted).  All four factors weigh in Defendants' favor here.

This is precisely the case ripe for dismissal based on fair use. The Complaint, with its exhibits, is all that is needed to decide the question of fair use. Exhibit B shows that the small depiction of the Photo was used for news reporting and commentary; was used transformatively; was factual; was of a published work; represented a fraction of the original Photo and copyright. This Court should simply apply the statutory factors to the pleadings, and find fair use as a matter of law.

### a.     The Purpose of Rowland's Use Favors a Finding of Fair Use

Rowland did not infringe the copyright because it engaged in fair use of the photograph. See 17 U.S.C. §107 ("[T]he fair use of a copyrighted work . . . is not an infringement of copyright. The first statutory factor, the purpose and character of the use, is "[t]he heart of the fair use inquiry." *Blanch v. Koons*, 467 F.3d 244, 251 (2d Cir. 2006) (internal citations omitted).  Courts have developed three guidelines for applying this factor. They are: (1) whether the material was used for the favored purposes specifically mentioned in the statute, and (2) whether the defendant used the material for a meaningfully different or "transformative" purpose than the original.  If so, then (3) whether the defendant is a for-profit or non-profit entity deserves little consideration. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578-79 (1994). These guidelines overwhelmingly favor a finding of fair use here, as a matter of law. ."). Rowland use was transformative because its commentary and news reporting was used to educate the public about immigration issues and the wall between the U.S. and Mexico.

### b.     The Nature of the Copyrighted Work Weighs in Favor of Fair Use

The second factor in the fair use analysis is the nature of the copyrighted work. Courts consider "(1) whether the work is expressive or creative, . . . with a greater leeway being allowed to a claim of fair use where the work is factual or informational, and (2) whether the work is published or unpublished, with the scope for fair use involving unpublished works being considerably narrower." *Blanch*, 467 F.3d at 256 (quoting 2 Howard B. Abrams, The Law of Copyright § 15:52 (2006)). Here, both elements weigh heavily for fair use.

The photograph is factual and informational – a picture of the U.S. – Mexican Border and a picture of the "wall." Plaintiff's copyright registration avers the photographs are published. (Doc. 1 at ¶ 9)

### c. The Amount and Substantiality of the Portion Used Weighs in Favor of Fair Use

As to the third factor, "the amount and substantiality of the portion used in relation to the copyrighted work as a whole," 17 U.S.C. § 107(3), a court should consider not just the quantity used, but "whether the quantity and value of the materials used are reasonable in relation to the purpose of the copying." *Cariou*, 714 F.3d at 710 (quoting *Blanch*, 467 F.3d at 257). The secondary use "'must be [permitted] to 'conjure up' at least enough of the original' to fulfill its transformative purpose." *Id*. (quoting *Campbell*, 510 U.S. at 588). Plaintiff's copyright incorporates nine (9) photographs. Rowland used ≤ 1% of the entire copyright. Accordingly, this factor weighs in favor of defendant Rowland.

### d. The Effect of the Use Upon the Potential Market Weighs in Favor of Fair Use

Finally, the fourth factor measures the effect that the allegedly infringing use has had on the copyright owner's ability to exploit his original work. The fourth factor also supports fair use because there was no commercial aspect to the post. As another Circuit stated in *Cariou,* "[w]e have made clear that 'our concern is not whether the secondary use suppresses or even destroys the market for the original work or its potential derivatives, but whether the secondary use usurps the market of the original work.'" 714 F.3d at 708. A secondary use "usurps" the market "where the infringer's target audience and the nature of the infringing content is the same as the original." *Id.* at 709. "The focus . . . is on whether defendants are offering a market substitute for the original." *NXIVM Corp.*, 364 F.3d at 481. When conducting this analysis, "[t]he more transformative the secondary use, the less likelihood that the secondary use substitutes for the original." *Cariou*, 714 F.3d at 709 (citation omitted). The court not only investigates whether the defendant's specific use of the work has significantly harmed the copyright owner's market, but also whether such uses, if widespread, would harm the potential market of the original. The burden of proof here rests on the copyright owner, who must demonstrate the impact of the infringement on commercial use of the work.

Plaintiff's Complaint does not allege that Rowland's use of the photograph "usurped" the market of the photograph because it did not. As demonstrated from the face of the Complaint, Rowland's specific use of the photograph does not and did not harm plaintiff's owner market, which appears to be museums and large international newspapers. See https://www.borderland-la-frontera.org/about-2.

### C. PLAINTIFF FAILED TO PROPERLY AND TIMELY SERVE THE COMPLAINT

Federal Rule of Civil Procedure 4(m) allows a plaintiff to serve a defendant with the summons and complaint within 90 days after filing a complaint. If the plaintiff does not timely serve a defendant, a court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). But the court must extend the time for service "if the plaintiff shows good cause for the failure" to effect timely service. *Id*. Plaintiff cannot demonstrate good cause because plaintiff knew of Rowland's address and its statutory agent, but failed to serve or attempt to serve Rowland.

Arizona Rule of Civil Procedure, Rule 4(h) provides that a corporation, partnership, or association **must** be served by:

> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and-if the agent is one authorized by statute and the statute so requires-by also mailing a copy to the defendant;

Ninety (90) days have passed and plaintiff has failed to properly serve defendant. Rather than serving the defendant, plaintiff served the Arizona Corporation Commission, in violation of A.R.S. §29-606. (Doc. 12). Because plaintiff failed to timely or properly serve defendant Rowland as required under Rule 4(h)(1)(A) or 4(h)(1)(B), the Complaint must be dismissed on this ground as well.

### CONCLUSION

Plaintiff's complaint is defective and frivolous. Plaintiff knew its Complaint was barred by the statute of limitations and he attached documentation to the Complaint that shows it is barred. Despite that, plaintiff sued and failed to properly serve Rowland. Rowland respectfully requests this Court grant its motion under Fed. Rule Civ. P. 12(b)(6) to dismiss the Complaint with prejudice because leave to amend would be futile. Rowland also request the Court grant Rowland its attorney's fees and costs under 17 U.S.C. 505; see *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

By */s/ Jay Calhoun*
Jay Calhoun
P.O. Box 2995
Tempe, Arizona 85280
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on this 16th day of August 2019, a copy of the foregoing DEFENDANT'S MOTION TO DISMISS THE COMPLAINT was filed through the electronic filing system, which will automatically serve electronic notice of the same on all counsel of record.

*/s/Jay Calhoun*