UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| James Whitlow Delano,<br><br>                        Plaintiff,<br><br>      - against -<br><br>Rowland Network Communications, LLC<br><br>                        Defendant. | Docket No. 2:19-cv-02811-DLR<br><br>JURY TRIAL DEMANDED |

**AMENDED COMPLAINT**

Plaintiff James Whitlow Delano ("Delano" or "Plaintiff") by and through his undersigned counsel, as and for his Amended Complaint against Defendant Rowland Network Communications, LLC ("Rowland" or "Defendant") hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of the US-Mexico border, owned and registered by Delano, a professional photographer. Accordingly, Delano seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

**JURISDICTION AND VENUE**

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in Arizona.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

5. Delano is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 8-17-4 Seijo Setagaya-Ku, Tokyo 157-0066 Japan.

6. Upon information and belief, Rowland is a domestic limited liability duly organized and existing under the laws of the State of Arizona, with a place of business 5440 E Dallas St. Mesa, Arizona 85205.

7. Upon information and belief Rowland is registered with the Arizona Department of State Division of Corporations to do business in the State of Arizona.

8. At all times material, hereto, Rowland has owned and operated a website at the URL: www.Midnightinthedesert.com (the "Website").

9. Rowland is a for-profit entity.

10. Rowland is the business of publishing news.

**STATEMENT OF FACTS**

A. **Background and Plaintiff's Ownership of the Photograph**

11. Delano photographed the US-Mexico border (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

12. Delano exercised personal and creative choices in photographing the subject matter of the Photograph, including the selection of subject matter, the timing of when the photograph was taken, perspective, angle, depth, selection of camera equipment, filtered lens. Delano also performed post-production editing on the Photograph.

13. Delano then licensed the Photograph to various media outlets.

14. Delano is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

15. The Photograph was registered with the United States Copyright Office and was

[Deleted: given registration number VA 2-070-144.]

given registration number VA 2-070-144, with effective date of September 29, 2017.

**B.      Defendant's Infringing Activities**

16.    Rowland ran an article on the Website entitled *This is What the U.S.-Mexico Border Wall Actually Looks Like.* See URL: http://midnightinthedesert.com/u-s-mexico-border-wall-actually-looks-like/. (the "Infringing Article").  The Infringing Article featured the Photograph in full color and full-scale, directly above the headline.  A true and correct copy of the article and screenshot of the Photograph on the Website is attached hereto as Exhibit B.

17.    Rowland did not license the Photograph from Plaintiff for its article, nor did Rowland have Plaintiff's permission or consent to publish the Photograph on its Website.

18.    Rowland's Infringing Article did not comment on or criticize the merits of the Photograph; nor did the Infringing Article comment on any political or social controversy surrounding the very existence of the Photograph.  Instead, the Infringing Article merely uses the Photograph to illustrate what the U.S.-Mexico Border Wall looks like.

19.    Because Rowland used the Photograph of the U.S.-Mexico Border Wall to illustrate a news story about what the U.S.-Mexico Border Wall looks like, such illustrative use is not transformative.

20.    There was a fully functioning licensing market for the Photograph at the time Rowland re-published the Photograph on its Website.

**C.      Plaintiff's Discovery of the Infringement**

21.    On or about September 12, 2017, Plaintiff first became aware of the use of the Photograph on Defendant's Website.

22.    Before September 2017, Plaintiff was not aware that any third party had used the Photograph on-line without his authorization.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

23. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-22 above.

*Deleted: 12*

24. Rowland infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Rowland is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photograph.

*Deleted: publically*

25. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

26. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

27. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Rowland be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant be ordered to permanently remove the Photograph from the Website;

*Deleted: ~~~~~~~~~~~~~~~~~Section Break (Next Page)~~~~~~~~~~~~~~~~~*

3. That Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4.   That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5.   That Plaintiff be awarded punitive damages for copyright infringement;

6.   That Plaintiff be awarded attorney's fees and costs;

7.   That Plaintiff be awarded pre-judgment interest; and

8.   Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
September 6, 2019

**Deleted:** May 2

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff*
*James Whitlow Delano*