Jay Calhoun (Bar No. 022836)
THE CALHOUN LAW FIRM, PLC
P.O. Box 2995
Tempe, Arizona 85280
firm@law4sb.com
Tel: (480) 967-1800
Fax: (480) 967-1810

Attorneys for Defendant Rowland Network Communications, LLC

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| James Whitlow Delano,<br><br>                    Plaintiff,<br><br>v.<br><br>Rowland Network Communications, LLC, an Arizona limited liability company,<br><br>                    Defendant. | Case No. 2:19-cv-02811-DLR<br><br>**DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>The Honorable Douglas L. Rayes |

Defendant Rowland Network Communications, LLC ("Rowland") moves to dismiss the amended complaint under Federal Rule 12(b)(6) in its entirety with prejudice because the action is time-barred, the complaint fails to state a cause of action, Rowland's use was fair use and de minimis use and plaintiff has failed to properly serve the complaint.

## I.    INTRODUCTION

Rowland Network Communications, LLC owns and operates a publicly accessible internet news radio web site <http://midnightinthedesert.com.> On March 4,  2016, National

1

Geographic posted the following article on its website entitled "This is What The U.S. – Mexico Border Actually Looks Like: Our photographer visits the most talked-about stretch of land in U.S. politics." (the "National Geographic Article" or "Article"). **See attached Exhibit 1; see also** https://www.nationalgeographic.com/news/2016/03/160304-us-mexico-border-fence-wall-photos-immigration/.

On March 7, 2016, Rowland posted a very small portion of the National Geographic Article and a very small cropped portion of one of the nine photographs in the Article. The snippet of the Article posted on Rowland's website also provided a link for readers to read the full Article and to view all of the photographs. **See Doc. 20-2, attached as Exhibit 2**. When Rowland posted the very small portion a photograph in the Article, the 2016 presidential campaign was underway and a hot button campaign topic was the U.S.-Mexico border and building a border wall.

Nearly four years after Rowland's post, Mr. Delano brought a claim for copyright infringement based on Rowland's *de minimis* use of less than one one-thousandth of a percent of one photograph in the National Geographic Article. Mr. Delano's claim is well outside of the three-year statute of limitations under the Copyright Act and is time-barred. Additionally, Mr. Delano fails to state a claim substantively because Rowland's use of one of the photographs in the National Geographic Article was fair use and certainly *de minimis* use.  Neither National Geographic nor Mr. Delano sent Rowland a DMCA takedown notice. Furthermore, Mr. Delano's service of process on the Arizona corporation commission fails as a matter of law and 90 days has passed since the filing of the Complaint (May 2, 2019)

and amended complaint. Accordingly, the Court should dismiss Mr. Delano's claim with prejudice.

## II.     FACTUAL BACKGROUND

National Geographic published an article on its website entitled: This is what the U.S.-Mexico Border Looks Like: Our photographer visits the most talked-about stretch of land in U.S. Politics. **See attached Exhibit 1.** National Geographic's website is not owned or operated by Mr. Delano. However, Mr. Delano's amended complaint fails to inform the court about the photograph at issue was posted on National Geographic's website. Mr. Delano's complaint also fails to inform the court, the National Geographic Article contained nine large photographs by Mr. Delano combined with a short commentary related to the 2016 political debate about the U.S.-Mexico border wall that will not be rehashed in this motion. Mr. Delano also failed to inform the court, the National Geographic Article and photographs are currently available on National Geographic's website. **See attached Exhibit 1**.

On March 7, 2016, Rowland, an internet news radio talk show dedicated to discussing the "anomalous" posted a *de minimis* amount of the National Geographic's Article on its website with a link to National Geographic for readers to access the full article and view all of the photographs associated with the Article. Mr. Delano's complaint confirms the photograph was from National Geographic website and not any site related to Mr. Delano, the plaintiff.

Mr. Delano failed to inform the court of the source of the photograph at issue and the entire factual premise of Mr. Delano's claim for direct infringement is faulty because he

omits the source of the photograph and the very small cropped amount Rowland used for news reporting. Mr. Delano alleges that the photograph Rowland used was "in full color and full-scale, directly above the headline." **(Doc. 20 at ¶16)** However, Mr. Delano's Amended Complaint contradicts his own claim. The pixel count of one of the nine horizontal photographs in the National Geographic Article is 6000 x 1558 (per photograph). Rowland's use of one one-thousandth of one photograph's pixel size was 600 x 155 and the image was cropped. In his Amended Complaint, Mr. Delano alleges Rowland did not have "Plaintiff's permission or consent to publish the photograph" on Rowland's website. Mr. Delano, however, does not allege, he has the authority to grant permission related to content on National Geographic's website.

## III.   LEGAL STANDARDS

A party is entitled to dismissal under Fed. R. Civ. P. 12(b)(6) if a plaintiff's complaint does not set out "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To survive a motion to dismiss, a complaint must provide more than "`labels and conclusions' or `a formulaic recitation of the elements of a cause of action.'" *Iqbal,* 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Although the Court accepts the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quotation omitted). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

4

*Iqbal*, 556 U.S. at 677. The recitation of facts '"merely consistent with' a defendant's liability" falls short of a plausible entitlement to relief. *Id*. (quoting *Twombly*, 550 U.S. at 557).   In deciding on a motion to dismiss, a court does not accept as true "legal conclusions" contained in the complaint. *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'"  *Id*.

## IV.  ARGUMENT AND AUTHORITIES

### A.  Mr. Delano's Claim is Time-Barred

Mr. Delano's claim fails at the outset because he has brought it well past the relevant statute of limitation. 17 U.S.C. § 507(b) provides that "[no] civil action shall be maintained under the provisions of this tittle unless it is commenced ***within three years*** after the claim accrued." In the Ninth Circuit, the term "accrue" under the statute is defined as when the copyright holder "has knowledge of a violation or is chargeable with such knowledge."' *Polar Bear Prod., Inc. v. Timex Corp*., 384 F.3d 700, 706 (9th Cir. 2004) (internal citations omitted). Recovery for infringement that occurs after the three-year period is only possible where "the copyright owner did not discover – and reasonably could not have discovered – the infringement before the commencement of the three-year limitation period."' *Timex*, 384 F. 3d at 706. Thus, either actual or constructive knowledge of infringement causes a claim to accrue. Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when it is apparent on the face of the complaint that an affirmative defense, such as a claim of being time-barred

applies. *Seven Arts Filed Entert. Ltd v. Content Media Corp*., PLC, 733 F.3d 1251, 1254 (9th Cir. 2013).

It is apparent, upon a cursory review of Mr. Delano's Amended Complaint, that his claim is time-barred. Mr. Delano's exhibit to his Amended Complaint shows Rowland's use of the National Geographic Article on its website was fair use and *de minimis*. On March 4, 2016, National Geographic posted the Article on its website. **See attached Exhibit 1.** There is nothing in Mr. Delano's Amended Complaint to suggest any impediment to discovering the National Geographic Article after it was published. Indeed, a simple reverse-image search using the Google search engine, the most basic form of investigation of online infringement of a photograph, would have revealed Rowland's *de minimis* use.

Yet, Mr. Delano brought his claim nearly **four years** after Rowland's alleged copyright infringement. Under the law, Mr. Delano may only bring his claim, then, if he did not discovery *or could not* have reasonably discovered Rowland's alleged infringement by, at the latest, March 7, 2019. See *Timex*, 384 F.3d at 706. Mr. Delano's original complaint was entirely silent as to when he discovered the alleged infringement. Remarkably, in his Amended Complaint, Mr. Delano's alleges he discovered Rowland's very small cropped portion of one photograph in the National Geographic Article "on or about September 12, 2017" and without explanation in the amended complaint he waited two years, two months and twenty days to file his Complaint.[1] Mr. Delano's recitation of his alleged recall of the

---

[1] Per Arizona LRCiv 12.1(c), Rowland's counsel certifies that she conferred with plaintiff's counsel on September 19, 2019 and notified plaintiff's counsel of the issues asserted

date in his amended complaint fails under *Twombly*. Mr. Delano's exhibit to his Amended Complaint demonstrates he found Rowland's use on May 2, 2019. **Doc. 20-2, attached as Exhibit 2.**

Mr. Delano could have easily found the photograph on Rowland's website within the three-year limitation period but choose not to do so. This should preclude any recovery and is a sufficient ground for dismissal of Mr. Delano's Amended Complaint with prejudice.

**B.      Mr. Delano Fails To State A Claim For Copyright Infringement**

Mr. Delano alleges that "Rowland ran an article on the Website entitled *This is What the U.S.-Mexico Border Wall Actually Looks Like.* See URL:http://midnightinthedesert.com/u-s-mexico -border-wall-actually-looks-like/." **Doc. 20 at ¶ 16.** Mr. Delano's allegation contradicts omits the fact the article was from National Geographic. **See attached Exhibit 1**. Mr. Delano's Amended Complaint further alleges "Rowland did not license this Photograph from Plaintiff for its article, nor did Rowland have Plaintiff's permission or consent to publish the Photograph on its Website." (**Doc. 20 at ¶ 17)**. Only the latter sentence barely asserts conduct that alleges any violation of a purported right protected by copyright law; but that purported right belongs to National Geographic not Mr. Delano.

As demonstrated by Mr. Delano's Amended Complaint Rowland used a very small amount of a cropped photograph appearing in a National Geographic Article. Because the

in the motion and the parties were unable to agree that the pleading was curable in any part by a permissible amended.

Article and *de minimis* photograph was from National Geographic, Mr. Delano cannot make out a claim for direct infringement, and the claim must be dismissed.

### C.    Rowland's Use of the Photograph Was *Fair Use*

Protection of copyrighted works is not absolute. "The fair use defense permits the use of copyrighted works without the copyright owner's consent under certain situations." *Perfect 10, Inc. v. Amazon,* 508 F.3d  1146, 1163 (9th Cir. 2007). Fair use both fosters innovation and encourages iteration on others' ideas, "thus providing a necessary counterbalance to the copyright law's goal of protecting creators' work product." *Id.; see Campbell v. Acuff-Rose Music, Inc.,* 510 U.S. 569, 575-76, 114 S.Ct. 1164, 127 L.Ed.2d 500 (1994). Fair use also aligns with copyright's larger purpose "`[t]o promote the Progress of Science and useful Arts,' . . . and to serve `the welfare of the public.'" *Amazon,* 508 F.3d at 1163 (quoting U.S. Const. art. I, § 8, cl. 8, and *Sony Corp. of Am. v. Universal City Studios, Inc.,* 464 U.S. 417, 429 n.10, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984)).

The Copyright Act, 17 U.S.C. §107 sets out a four non-exclusive factor test to determine whether a particular use is fair use that does not infringe an author's copyright. These factors are:

(1)    the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

(2)    the nature of the copyrighted work;

(3)    the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

8

(4)    the effect of the use upon the potential market for or value of the copyrighted work.

The defense of fair use may properly be adjudicated on a motion to dismiss when it is appropriately raised and there are no material facts in dispute. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 530 (9th Cir. 2008).

### (1)    Factor one: purpose and character of the use is in favor of Rowland

Rowland did not infringe the copyright because it engaged in fair use of the photograph. See 17 U.S.C. §107 "[T]he fair use of a copyrighted work . . . is not an infringement of copyright. The purpose of this factor is to determine "whether the new work merely supersede[s] the objects' of the original creation . . . or instead adds something new, with a further purpose of different character, altering the first with new express, meaning, or message, "i.e., whether the use is "transformative." *Campbell v. Acuff-rose Music, Inc.,* 510 U.S. 569, 579 (1994) (citations omitted). Other factors in the fair use analysis weigh less the more transformative a use is. *Id.* "[A]n allegedly infringing work is typically viewed as transformative as long as new expressive content or message is apparent." *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1177 (9th Cir. 2013). "This is so even where . . . the allegedly infringing work makes few physical changes to the original or fails to comment on the original." *Id.* The Copyright Act explicitly contemplates that use of a copyrighted work "for purposes such as criticism, comment, news reporting, teaching . . . scholarship, or research, is not an infringement of copyright." 17 U.S.C. § 107.

9

National Geographic ran an Article on its website that featured nine large photographs by Mr. Delano. The Article contains a discussion of the U.S.-Mexico border wall issue, a hotly debated topic in the 2016 U.S. presidential race. Rowland posted a very small amount of the article and very small cropped amount of one photograph to encourage its readers to learn more and provided a link to the full article on National Geographic's website. The de minimis use of Mr. Delano's photograph was plainly a use for news reporting, educational, and commentary purposes. Arizona is one of the states that borders Mexico and the issue of building a border wall directly impacts residents of Arizona. In 2016, it was a hotly debated topic during the 2016 presidential campaign.

Rowland's use was not commercial use, it was news reporting and educational. An important consideration for the court as well is whether the use was commercial in nature, however, the question is not whether any tangential connection to a profit motive exists, but rather whether the use is directly commercial or merely indirectly relates to commercial activity. *See L.A. Times v. Free Republic*, 2000 U.S. Dist. LEXIS 5669, 48-50 (C.D. Cal. Mar. 31, 2000) (citing *Sega Enter. V. Accolade, Inc.,* 977 F.2d 1510, 1522 (9th Cir. 2000)). *Free Republic* dealt with a bulletin board web site whose members posted news articles on the site to which they added remarks or commentary. The court found that Free Republic's use was not "strictly commercial" and, at most, "they derived indirect economic benefit . . ."

There is no allegation that Rowland sells or sold the photograph at issue, charges users to access it, or receives any other form of direct commercial benefit from its *de minimis* use of the National Geographic's Article. Mr. Delano alleges Rowland is a for-profit entity and

10

in the business of publishing news. **Doc. 20 at ¶¶ 9, 10.** Mr. Delano's allegation is vague and fails under *Twombly*. There is no allegation Rowland's *de minimis* use the photograph increased traffic to http://midnightinthedesert.com/ or increased advertising revenue to the site. Mr. Delano alleges, "there was a fully functioning licensing market for the Photograph at the time Rowland re-published the Photograph on its Website." **Doc. 20 at ¶ 20.** This statement also fails under *Twombly*. Mr. Delano would have the court believe that Rowland's *de minimis* use of a photograph from a 2016 National Geographic Article that is still available online reduced Mr. Delano's ability to license the photograph.

Rowland's de minimis use of National Geographic's photograph used for news reporting to educate the public about a key issue in the 2016 U.S. presidential campaign and encourage listeners to learn more was fair use and this factor weighs in Rowland's favor.

### (2)    Factor Two: The Nature of the Copyrighted Work Weighs in Favor of Fair Use

The second factor in the fair use analysis is the nature of the copyrighted work.  Courts consider "(1) whether the work is expressive or creative, . . . with a greater leeway being allowed to a claim of fair use where the work is factual or informational, and (2) whether the work is published or unpublished, with the scope for fair use involving unpublished works being considerably narrower." *Mattel, Inc. v. Walking Mountain Prods.,* 353 F.3d 792, 799-800 (9th Cir. 2003). It also considers "the extent to which a work has been published, "as published works are more likely to qualify as fair use because the first appearance of the

artist's expression has already occurred." *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1178 (9th Cir. 2013).

The photograph is factual and informational – a picture of the U.S. – Mexican border showing the border "wall." The photographs in question are not highly creative expressive works of art. They are pictures of the U.S.-Mexico border as it exists. National Geographic published the photograph on its website prior to Rowland *de minimis* use of one of the photographs. Although, Mr. Delano may have exercised a modicum of creativity composing his photographs, this was required by National Geographic and this factor (to the extent it is weighed at all) is at best neutral. More importantly, Plaintiff's copyright registration avers the photographs are published. **Doc. 1 at ¶ 9.** This factor weighs heavily in favor of Rowland for fair use.

### (3)    Factor Three - The Amount and Substantiality of the Portion Used Weighs in Favor of Fair Use

As to the third factor, "the amount and substantiality of the portion used in relation to the copyrighted work as a whole," 17 U.S.C. § 107(3), a court should look to the quantitative amount and qualitative value of the original work used in relation to the justification for that use. *Seltzer*, 725 F.3d at 1178. at 257). This is because "the extent of permissible copying varies with the purpose and character of the use." *Campbell*, 510 U.S. at 586-87. Wholesale copying of a work does not preclude a finding of fair use and the use of an entire copyrighted image may be reasonable if it serves the defendant's intended purpose. *See Worldwide*

*Church of God v. Philadelphia Church of God, Inc.*, 227 F.3d 1110, 1118 (9th Cir. 2000); *see also Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1167 (9th Cir. 2007).

As explained above, the purpose of the National Geographic Article was to inform the public about the real border wall issues during the 2016 presidential campaign. Rowland's *de minimis* or snippet (less than one one-thousandth percent) of the header photograph in the National Geographic Article pointed readers to the full Article with the all the photographs. This factor weighs in favor of defendant Rowland.

### (4)   Factor Four - The Effect of the Use Upon the Potential Market Weighs in Favor of Fair Use

Finally, the fourth factor measures the effect the alleged infringing use has had on the copyright owner's ability to exploit his original work. *Campbell*, 510 U.S. at 590 (citing Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* 13.05[A][4]). "Where the allegedly infringing use does not substitute for the original and serves a 'different market function,' such factor weighs in favor of fair use." *Seltzer*, 725 F.3d at 1179. The court not only investigates whether the defendant's specific use of the work has significantly harmed the copyright owner's market, but also whether such uses, if widespread, would harm the potential market of the original. The burden of proof here rests on the copyright owner, who must demonstrate the impact of the infringement on commercial use of the work.

Mr. Delano's amended complaint barely alleges Rowland's *de minimis* use has impacted the commercial use of the photograph. In fact, the amended complaint is silent as to this allegation. Moreover, Mr. Delano makes no allegations regarding the market for the

13

National Geographic Article that included the photograph at issue or that Rowland's use has interfered with that market. What market would exist for the National Geographic Article? Mr. Delano alleges that he "licensed the Photograph to various media outlets." **Doc. 20 at 13.** However, Mr. Delano's amended complaint fails to state the name of any of these various media outlets nor could he because he does not own the rights to National Geographic Article that contains the photograph. Additionally, the Amended Complaint does not allege that Rowland's use of the photograph "usurped" the market for the photograph because it did not. As demonstrated from the face of the Amended Complaint, Rowland's specific use of the photograph does not and did not harm Mr. Delano's market. This factor weighs in Rowland's favor.

Because all four factors weigh in favor of Rowland and none weigh in favor of Mr. Delano, the court should determine that Rowland's *de minimis* use of National Geographic's Article about the border wall was fair use.

### D.      Rowland's Use Was De Minimis

As stated above, Rowland's use of the National Geographic photograph was also *de minimis*. The use at issue involves a photograph of the U.S.-Mexico border wall that is widely disseminated on the Internet and is a part of National Geographic's Article – This is What the U.S.-Mexico Border Wall Actually Looks Like. **See attached Exhibit 1**. Rowland posted only a very small, cropped portion of one photo of the National Geographic's Article and provided a link to the Article for interested readers to see all of the photographs and read the full story. **Doc 20-2**. Under these circumstances, the fair use or *de minimis* use defense should

apply to plaintiff's copyright infringement claim. *See, e.g., Rudkowski v. Mic Network, Inc*., 17 Civ. 3647 (DAB), 2018 U.S. Dist. LEXIS 49975 (S.D.N.Y. Mar. 23, 2018) (dismissing complaint filed by Liebowitz Law Firm with prejudice because use was *de minimis*); *Sandoval v. New Line Cinema Corp*., 973 F. Supp. 409, 414 (S.D.N.Y. 1997) (applying the fair use defense because "the fleeting, obscured, and virtually undetectable use of Sandoval's Photographs in [the movie] for at most thirty seconds could not have adversely effected the potential market for Sandoval's work."), *aff'd*, 147 F.3d 215 (2d Cir. 1998) (affirming the decision on the basis that use was *de minimis*).

The amended complaint asserts a claim of questionable merit, which is common for plaintiff's counsel and in at least one case, the court assessed over $120,000 in legal fees against the plaintiff whom the Liebowitz Law Firm represented. *Kanongataa v. ABC*, No. 16 Civ. 7382 (LAK), 2017 U.S. Dist. LEXIS 169534 (S.D.N.Y. Oct. 4, 2017). In another action, the court determined:

> The Court is troubled by Mr. Liebowitz's conduct in this case, as in many of his law firm's hundreds of other copyright cases. *See, e.g., McDermott v. Monday Monday, LLC,* No. 17-CV-9230 (DLC), 2018 WL 1033240, at *3 (S.D.N.Y. Feb. 22, 2018) **(noting that "Plaintiff's counsel, Richard Liebowitz, is a known copyright `troll,' filing over 500 cases in this district alone in the past twenty-four months" and warning him that future frivolous arguments or filings in other cases may be sanctionable).** The Court finds particularly concerning Mr. Liebowitz's repeated failures to follow the orders and rules of this Court and others within the district, as well as his propensity to take unreasonable positions and to omit crucial facts— or even to make outright misrepresentations—in an apparent attempt to increase costs and to extort unwarranted settlements. *See, e.g., Reynolds v. Hearst Commc'ns, Inc.,* No. 17-CV-6720 (DLC), 2018 WL 1229840, at *4 (S.D.N.Y. Mar. 5, 2018) (finding that Mr. Liebowitz had "failed to comply with orders in this litigation, as he has in other lawsuits" and that he had

"inevitably increase[d] the cost of litigation" by failing to disclose certain facts), *reconsideration denied,* 2018 WL 1602867, at *2 (S.D.N.Y. Mar. 29, 2018); *Rudkowski v. MIC Network, Inc.,* No. 17-CV-3647 (DAB), 2018 WL 1801307, at *3 & n.3 (S.D.N.Y. Mar. 23, 2018) ("caution[ing]" Mr. Liebowitz for making misrepresentations to the court); *Steeger v. JMS Cleaning Servs., LLC,* No. 17-CV-8013 (DLC), 2018 WL 1363497, at *3 (S.D.N.Y. Mar. 15, 2018) (imposing educational and financial sanctions on Mr. Liebowitz for failing to comply with court orders and noting that Mr. Liebowitz's submissions to the court evinced a "pattern of omissions and misrepresentations") **(Bold Emphasis Added)**

*Pereira v. 3072541 Canada, Inc. dba Kendall + Kylie*, Case No. 17-cv-6945 (S.D.N.Y)

Mr. Delano has failed disclose certain facts relating to his action, such as the photograph belongs to National Geographic and it was posted on their website. Rowland's one one-thousandth use of one photograph from the National Geographic Article was d*e minimis* use.

### E.    Plaintiff Failed To Properly and Timely Serve The Complaint

Federal Rule of Civil Procedure 4(m) allows a plaintiff to serve a defendant with the summons and complaint within 90 days after filing a complaint.  If the plaintiff does not timely serve a defendant, a court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  But the court must extend the time for service "if the plaintiff shows good cause for the failure" to effect timely service. *Id*. Plaintiff cannot demonstrate good cause because plaintiff knew of Rowland's address and its statutory agent, but failed to serve or attempt to serve Rowland.

Arizona Rule of Civil Procedure, Rule 4(h) provides that a corporation, partnership, or association **must** be served:

(1)     in a judicial district of the United States:

(A)    in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B)    by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and-if the agent is one authorized by statute and the statute so requires-by also mailing a copy to the defendant;

Plaintiff was required to serve Rowland on or before July 31, 2019. Ninety (90) days have passed and plaintiff has failed to properly serve defendant. Instead of serving the defendant, plaintiff served the Arizona Corporation Commission, in violation of A.R.S. §29-606. **Doc. 12.** Because plaintiff failed to timely or properly serve Rowland as required under Rule 4(h)(1)(A) or 4(h)(1)(B), the Complaint should be dismissed on this basis as well.

## CONCLUSION

Plaintiff's Amended Complaint should be dismissed for four reasons: (1) plaintiff's claim is barred by the statute of limitations; (2) it fails to state a claim for relief; (3) Rowland use of a photograph from the National Geographic Article was *de minimis* use; and (4) plaintiff failed to properly serve Rowland. Rowland respectfully requests this Court grant its motion under Fed. Rule Civ. P. 12(b)(6) and dismiss the Amended Complaint with prejudice because leave to amend would be futile. Rowland also request the Court grant Rowland its attorney's fees and costs under 17 U.S.C. 505; see *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

By */s/ Jay Calhoun*
Jay Calhoun
P.O. Box 2995
Tempe, Arizona 85280

Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I certify that on this 26th day of September 2019, a copy of the foregoing
DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT
TO FED.R.CIV. P. RULE 12(B)(6) was filed through the electronic filing system, which
will automatically serve electronic notice of the same on all counsel of record.

*/s/Jay Calhoun*