Jay Calhoun (Bar No. 022836)
THE CALHOUN LAW FIRM, PLC
P.O. Box 2995
Tempe, Arizona 85280
firm@law4sb.com
Tel: (480) 967-1800
Fax: (480) 967-1810

Attorneys for Defendant Rowland Network Communications, LLC

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| James Whitlow Delano,<br><br>Plaintiff,<br><br>v.<br><br>Rowland Network Communications, LLC, an Arizona limited liability company,<br><br>Defendant. | Case No. 2:19-cv-02811-DLR<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>The Honorable Michael Liburdi |

Plaintiff's opposition demonstrates the true purpose of plaintiff's amended complaint. On March 4, 2016, National Geographic published an article on its website entitled: "This is What The U.S. – Mexico Border Actually Looks Like: Our photographer visits the most talked-about stretch of land in U.S. politics." (the "National Geographic Article" or "Article"). In March 2016, defendant Rowland published a *de minimis* portion of the Article and a small portion of one of the eleven photographs. Rowland also included a link to the entire National Geographic's story. (Doc 20-2) Despite that on May 2, 2019, plaintiff Delano

sued Rowland seeking significant monetary damages alleging "Rowland did not license the Photograph from Plaintiff for its article, nor did Rowland have Plaintiff's permission or consent to publish the Photograph on its Website." (Doc. 20 at ¶ 17). The plaintiff further alleged "[b]ecause Rowland used the Photograph of the U.S.-Mexico Border Wall to illustrate a news story about what the U.S.-Mexico Border Wall looks like, such illustrative use is not transformative." (Doc. 20 at ¶ 19).

Plaintiff's opposition leaves no doubt that the Amended Complaint fails to state a claim upon which relief may be granted. National Geographic is the copyright owner of the Article. Plaintiff does not dispute this in his response. Plaintiff's amended complaint fails to allege it has a cause of action or he may bring a claim on behalf of National Geographic. The plaintiff's failure to address the fundamental defects in the Amended Complaint underscores what this case is: an effort to extract a settlement through the mere pendency of litigation, with little concern for basic requirements of copyright law or for the waste of judicial resources this suit engenders. The Court should put an end to this abuse of the Copyright Act. Another court determined the following about plaintiff's counsel, Richard Liebowitz:

> The Court is troubled by Mr. Liebowitz's conduct in this case, as in many of his law firm's hundreds of other copyright cases. *See, e.g., McDermott v. Monday Monday, LLC,* No. 17-CV-9230 (DLC), 2018 WL 1033240, at *3 (S.D.N.Y. Feb. 22, 2018) (noting that "Plaintiff's counsel, Richard Liebowitz, is a known copyright `troll,' filing over 500 cases in this district alone in the past twenty-four months" and warning him that future frivolous arguments or filings in other cases may be sanctionable). The Court finds particularly concerning Mr. Liebowitz's repeated failures to follow the orders and rules of this Court and others within the district, as well as his propensity to take unreasonable positions and to omit crucial facts—or even to make outright misrepresentations—in an apparent attempt to increase costs and to

extort unwarranted settlements. *See, e.g., Reynolds v. Hearst Commc'ns, Inc.,* No. 17-CV-6720 (DLC), 2018 WL 1229840, at *4 (S.D.N.Y. Mar. 5, 2018)

**See attached Exhibit 1**.

## ARGUMENT AND AUTHORITIES

**I.  PLAINTIFF FAILED TO OVERCOME THE ARGUMENT THAT HE DID NOT TIMELY SERVE ITS COMPLAINT**

Arizona Rule of Civil Procedure, Rule 4(h) provides that a corporation, partnership, or association **must** be served:

(1) in a judicial district of the United States:
(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and-if the agent is one authorized by statute and the statute so requires-by also mailing a copy to the defendant;

Plaintiff failed to address this issue in his response, therefore conceding it. (Doc. 26 at 22). Federal Rule of Civil Procedure 4(m) allows a plaintiff to serve a defendant with the summons and complaint within 90 days after filing a complaint. If the plaintiff does not timely serve a defendant, a court "*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for failing to effect timely service, the court must extend service. *Id*.

Arizona has a two-fact based test. *In re Sheehan,* 253 F.3d 507, 512 (9th Cir. 2001). Plaintiff neither cites nor applies either test. Plaintiff simply ignores the law in this jurisdiction and plaintiff has failed to demonstrate good cause to further extend service.

3

Being too busy extorting other defendants is not good cause. **See attached Exhibit 1.** Plaintiff filed its Complaint on May 2, 2019 and had to serve Rowland by July 31, 2019. Plaintiff did not. Despite repeated notice to plaintiff, plaintiff refused to comply. Because plaintiff failed to timely or properly serve Rowland as required under Rule 4(h)(1)(A) or 4(h)(1)(B), the Amended Complaint should be dismissed on this basis.

## II. PLAINTIFF'S CLAIM IS TIME-BARRED AND IT FAILS TO STATE A CLAIM FOR RELIEF

Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when it is apparent on the face of the complaint that an affirmative defense, such as a claim of being time-barred applies. *Seven Arts Filed Entert. Ltd v. Content Media Corp.*, PLC, 733 F.3d 1251, 1254 (9th Cir. 2013). Plaintiff attempts to evade this basic and clear requirement about when an action is time-barred. Despite clear Ninth circuit precedent on the matter, plaintiff ignores it. (Doc. 26 at p.6). The Copyright Act imposes a three-year statute of limitations, 17 U.S.C. § 507(b) provides that "[no] civil action shall be maintained under the provisions of this tittle unless it is commenced *within three years* after the claim accrued." In the Ninth Circuit, the term "accrue" under the statute is defined as when the copyright holder "has knowledge of a violation or is chargeable with such knowledge.'" *Polar Bear Prod., Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004) (internal citations omitted). Thus, either actual or constructive knowledge of infringement causes a claim to accrue.

Plaintiff argues he did not "discover" the National Geographic Article on Rowland's site until September 12, 2107 and the court must believe him. (Doc. 26 at 6). That is not the

law under *Twombly* for two reasons. First, the law does not require actual knowledge, constructive knowledge is sufficient. If plaintiff has any rights in this action (and he does not) he is charged with knowledge of Rowland's *de minimis* use of National Geographic's Article beginning March 2017 when the Article was published. Second, under *Twombly*, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Plaintiff's amended complaint fails this test because plaintiff does not allege enough facts to demonstrate he owns the copyright interest in the National Geographic. *Twombly's* heightened the pleading requirement for federal civil cases by requiring a plaintiff to include enough facts in their complaint to make it plausible, not merely possible or conceivable, that they can prove facts to support their claims. that assertion is false because it is not plausible. *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). Plaintiff's amended complaint fails to meet the Twombly test.  The amended complaint fails to state a claim under *Twombly*.

  Plaintiff next argues that he does not must police the internet. (Doc. 26 at p.6) That argument is offered as a distraction from the key issue that plaintiff did not explain whether he may bring a claim on behalf of National Geographic. Plaintiff made no plausible allegation in his amended complaint he may bring an action related to content on National Geographic's website, which is a necessary fact to determine ownership and sue. Because the Amended Complaint lacks any allegation demonstrating plaintiff may sue on behalf of

National Geographic, the Amended Complaint should be dismissed for failure to state a claim.

## III. PLAINTIFF FAILS TO OVERCOME DISMISSAL FOR ROWLAND'S FAIR USE

Plaintiff's sole textual argument that finds no basis in the amended complaint asserts Rowland's "secondary use" of the photograph does not constitute fair use. (Response Doc. 26 at 12). Plaintiff makes no allegations in his amended complaint about "secondary use." Legally, there is no such thing as "secondary use" which is why plaintiff's response cites to no authority for its position. But plaintiff's shifting and misrepresentation of "theories" demonstrate he has no legal basis for this action. Rowland's fair use of the National Geographic Article requires the action is dismissed. In Rowland's motion, there are four requirements to demonstrate fair use. Rowland demonstrated his use was fair use in his motion and plaintiff response fails to demonstrate anything other than fair use.

*First factor -the purpose and character of Rowland's use.* Plaintiff's argument on the first issue ignores Ninth circuit authority and cites cases from the Second circuit that are not applicable. (Doc. 26 at 12). Plaintiff dedicated four lines to his argument asserting Rowland's fair use of National Geographic's Article was not transformative with no analysis. (Doc. 26 at 12). As Rowland explained in their opening brief, MTD at 8, such "transformative use is not absolutely necessary," *Campbell* v. *Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994) and plaintiff's response concedes this point. (Doc. 26 at 00).

The Copyright Act explicitly contemplates that use of a copyrighted work "for purposes such as criticism, comment, news reporting, teaching . . . scholarship, or research, is not an infringement of copyright." 17 U.S.C. § 107. Rowland's *de minimis* use of National Geographic's Article for news reporting is textbook fair use. (See Doc. 00-00). Rowland's use was not commercial and plaintiff offered no evidence to the contrary. There is no allegation that Rowland sells or sold the photograph, charged users to access it, or received any other form of direct commercial benefit from its *de minimis* use of the National Geographic's Article. Plaintiff alleges Rowland is a for-profit entity and in the business of publishing news. (Doc. 20 at ¶ 16). That allegation is insufficient under *Twombly*. There is no allegation in the amended complaint Rowland's *de minimis* use of one of the eleven photographs increased traffic to http://midnightinthedesert.com/ or increased advertising revenue to the site. The first factor weighs in favor of Rowland.

*Second Factor – the nature of the copyrighted work.* Because the dissemination of facts or information benefits the public, factual works are generally considered fair use. Fair use is stronger if the material is from a published work than an unpublished work. Plaintiff asserts the photograph of the U.S.-Mexican border wall "is creative in nature as it is the product of a professional photographer." (Doc. 26 at 17). But the photograph simply places the wall in the center of the frame and the photographer relies on lighting and background elements over which he had no control. The photograph of the border wall is factual and informational. The Article at issue that includes the one photograph was a published work. The second factor weighs heavily in Rowland's favor.

*Third factor – the amount and substantiality taken.* As to the third factor, "the amount and substantiality of the portion used in relation to the copyrighted work as a whole," 17 U.S.C. § 107(3), a court should look to the quantitative amount and qualitative value of the original work used in relation to the justification for that use. *Seltzer*, 725 F.3d at 1178. at 257).  This is because "the extent of permissible copying varies with the purpose and character of the use." *Campbell*, 510 U.S. at 586-87. Wholesale copying of a work does not preclude a finding of fair use and using an entire copyrighted image may be reasonable if it serves the defendant's intended purpose. *See Worldwide Church of God v. Philadelphia Church of God, Inc.*, 227 F.3d 1110, 1118 (9th Cir. 2000); see also *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1167 (9th Cir. 2007).

The purpose of the National Geographic Article was to inform the public about the real border wall issues during the 2016 presidential campaign. Rowland's *de minimis* or snippet (less than one one-thousandth percent) of the header photograph in the National Geographic Article pointed readers to the full Article with the all the photographs. This factor supports defendant Rowland.

Plaintiff argues that Rowland has taken "the entire full-color Photograph and displayed it in full-scale." (Doc. 26 at p.18) Yet, plaintiff offers no evidence for his assertion.  As the Southern District of New York said plaintiff's counsel is prone:

> to omit crucial facts—or even to make outright misrepresentations—in an apparent attempt to increase costs and to extort unwarranted settlements.

The third factor supports Rowland as demonstrated in his motion, which plaintiff cannot refute.

*Factor four – the effect of the use upon the potential market.* Plaintiff argues "defendant's secondary use impaired both the actual and potential market for the Photograph." (Doc. 26 at 18). There is no legal concept called secondary use and plaintiff made no such allegation in his amended complaint. (Doc. 20 at ¶¶ 13, 14). The fourth factor measures the effect the alleged infringing use has had on the copyright owner's ability to exploit his original work. *Campbell*, 510 U.S. at 590 (citing Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* 13.05[A][4]). The court not only investigates whether the defendant's specific use of the work has significantly harmed the copyright owner's market, but also whether such uses, if widespread, would harm the potential market of the original. The burden of proof here rests on the copyright owner, who must demonstrate the impact of the infringement on commercial use of the work. Because plaintiff is not the owner of the National Geographic Article, there is no harm to plaintiff.

But Rowland's use cannot make the fourth factor weigh in a plaintiff's favor. The Second Circuit has roundly rejected efforts to focus "on possible lost licensing fees from [a defendant's] challenged use" because doing so would mean that the fourth factor would "always favor [a] copyright owner." *TCA Television Corp.* v. *McCollum*, 839 F.3d 168, 186 (2d Cir. 2016) (citing *Am. Geophysical Union*, 60 F.3d at 929 n.17). Because all four factors support Rowland and none support the plaintiff, the court should determine that Rowland's *de minimis* use of National Geographic's Article about the border wall was fair use.

**IV.     PLAINTIFF FAILS TO OVERCOME THE DEMINIMIS ARGUMENT**

Sometimes, material copied is so small (or de minimis) the court permits it without even conducting a fair use analysis. In the motion picture Seven, several photographs appear in the movie. The photographer sued the producers. The court determined the photographs appeared "fleetingly." The court determined the use was de minimis and did not require a fair use analysis. *Sandoval v. New Line Cinema Corp.* 147 F.3d 215 (2nd Cir. 1998).

Although the National Geographic Article is not plaintiff's copyright, plaintiff argues that Rowland's *de minimis* argument one of one photograph is "objectively unreasonable." (Doc. 26 at 20). Again, plaintiff's conclusory comment fails to shed light on how. In its motion, Rowland posted only a small, cropped portion of one photo of the National Geographic's Article that included eleven and provided a link to the Article for interested readers to see the photographs and read the full story. (Doc 20-2) Under these circumstances, Rowland's use was *de minimis*. *See, e.g., Rudkowski v. Mic Network, Inc.*, 17 Civ. 3647 (DAB), 2018 U.S. Dist. LEXIS 49975 (S.D.N.Y. Mar. 23, 2018) (dismissing complaint filed by Liebowitz Law Firm with prejudice because use was *de minimis*). Rowland's one one-thousandth use of one photograph from the National Geographic Article should be determined to be d*e minimis* use.

## CONCLUSION

Plaintiff's Amended Complaint should be dismissed for four reasons: (1) plaintiff's claim is barred by the statute of limitations; (2) it fails to state a claim for relief; (3) Rowland use of a photograph from the National Geographic Article was fair use and *de minimis* use; and (4) plaintiff failed to properly serve Rowland. Rowland respectfully requests this Court

grant its motion under Fed. Rule Civ. P. 12(b)(6) and dismiss the Amended Complaint with prejudice because leave to amend would be futile. Rowland also request the Court grant Rowland its attorney's fees and costs under 17 U.S.C. 505; see *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

By /s/ Jay Calhoun
Jay Calhoun
P.O. Box 2995
Tempe, Arizona 85280
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on this 22nd day of October 2019, a copy of the foregoing DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FED.R.CIV. P. RULE 12(B)(6) was filed through the electronic filing system, which will automatically serve electronic notice of the same on all counsel of record.

/s/Jay Calhoun

# EXHIBIT 1

# Judge sanctions controversial copyright lawyer, notes 'growing body of law' on when to punish him

1. [Home](#)
2. [Daily News](#)
3. Judge sanctions controversial copyright lawyer,...

Trials & Litigation

By [Debra Cassens Weiss](#)

July 11, 2019, 12:37 pm CDT



Image from Shutterstock.com

A federal judge in New York has ordered a litigious copyright lawyer to pay attorney fees of $8,745 as a sanction for failing to comply with orders for a court appearance and mediation.

U.S. District Judge Jesse Furman of the Southern District of New York began his [July 10 sanctions opinion](#) by noting that the lawyer, Richard Liebowitz, "has earned the dubious distinction of being a regular target of sanctions-related motions and orders. Indeed, it is no exaggeration to say that there is a growing body of law in this district devoted to the question of whether and when to impose sanctions on Mr. Liebowitz alone. … This opinion is the latest contribution to that body of law."

Liebowitz is a New York lawyer who has filed more than 700 copyrights suits for alleged unauthorized use of photos in Manhattan federal court since 2016, according to Law360's [coverage of the sanctions order](#).

One judge ordered Liebowitz to take a training class in ethics and professionalism and ordered him to pay $2,000, partly for material omissions in a letter to the court, according to stories [by Law360](#) and [Reuters](#). Another judge ordered Liebowitz's client to pay $120,000 in attorney fees in a suit against media defendants for using a viral video that constituted fair use, according to [Law360](#).

Furman sanctioned Liebowitz in his suit against NBCUniversal Media for alleged copyright infringement for displaying a photo of a wild raccoon being removed from a beauty shop in the Bronx. NBUniversal said it had a license for online use of the photo and offered a $200 invoice as proof.

Liebowitz didn't respond to scheduling emails for the mediation and filed a stipulation by the parties to dismiss the case May 1, a day before a scheduled pretrial conference. Liebowitz moved to cancel the May 2 conference, but the court refused, ordering Liebowitz to show up to explain why he didn't comply with the mediation order.

Despite that order, Liebowitz did not show up May 2. When court staff members contacted Liebowitz's office, they got conflicting information as to "whether he was out of town or on his way," Furman said.

Furman concluded that Liebowitz willfully failed to comply with the orders for mediation and Liebowitz's May 2 appearance. The sanction was for attorney fees incurred by NBCUniversal after April 18, the date by which the parties were ordered to conduct mediation.

Liebowitz didn't immediately respond to an email request for comment by the ABA Journal.

# "Copyright Troll" Lawyer Gets Sanctioned (Again)–Sands v. Bauer Media

Attorney Richard Liebowitz has filed more than 1,100 lawsuits since the beginning of 2016, a campaign this judge calls a "downpour." This initiative has not gone smoothly. The court recaps:

> *Mr. Liebowitz has been sanctioned, reprimanded, and advised to "clean up [his] act" by other judges of this Court. As Judge Furman recently observed, "there is a growing body of law in this District devoted to the question of whether and when to impose sanctions on Mr. Liebowitz."*

This particular lawsuit involves two photos of Emily Ratajkowski (NSFW link), well-known from the Blurred Lines video (also beware of a NSFW version of that video!), and this DKNY video. The defendant Bauer Media (operator of FHM) reported on the video's release and included the two photos at issue, which it got from Ratajkowski's Instagram feed. [Note: I didn't verify if the photos were cut-and-paste or embedded from Instagram–it might make a difference.]

One of the key questions is the plaintiff's licensing terms, if any, for the photos. The photographer apparently licensed both photos to Getty and one of the photos to Matrix, but Liebowitz didn't disclose the licenses during discovery. The court says Liebowitz's excuse for the non-disclosure is "lame," the withholding dragged out the litigation to increase the defendant's financial burden, and the withheld information was material to the fair use defense and prejudicial to the defense.

The court adds:

> *this not the first time that Mr. Liebowitz has gotten into difficulty in this Court for what at best often is a slap dash approach to pursuing the enormous volume of cases of this nature that he has filed. A "mere oversight" that happens once or twice is one thing, A pattern of discovery and related abuse is quite another, and rings of deliberate indifference to an attorney's obligation to behave in a professional, responsible, and competent manner in each and every case he handles.*

> *And if the attorney has filed a deluge of cases, such that his workload is too great to discharge that obligation, the volume of cases must be reduced to a number that may be managed responsibly or the number of responsible and competent attorneys tasked with handling it must be increased.*

As a result, Liebowitz is required to cover the attorneys' fees for the sanctions motion and may be required to post a $50,000 bond to continue this case (to cover the potential 505 fee shift to the defendant). If you ask me, the court let him off easy because the delayed discovery added months of defense costs. Still, I'm always fascinated when a high-volume copyright litigator has the profit-o-meter running in reverse. It makes me wonder how the entire scheme can be profitable. I'm also wonder about the decision of new clients to hire Liebowitz given his apparent reputation among judges.

While the defendant in this case might have opted-out of the proposed new copyright small claims court in the CASE Act, this lawsuit is a nice reminder of how photographers and their lawyers are going to FEAST on any new small claims option. Among other things, the CASE Act proposes a brand-new statutory damages of up to $7,500 for works that were NOT registered on a timely basis. The availability of those statutory damages, plus the high risk of problems with service of process, will make the proposed small claims option into a troll Mecca. Please please please read the CASE Act and speak out if you're as troubled as I am. For prior coverage of the CASE Act's predecessor, see [this post](#).

**Case citation**: [Sands v. Bauer Media Group LLC](#), 2019 WL 4464672 (SDNY Sept. 18, 2019)

**Posts on Related Topics:**

* [Photographer Sues for Failure to Provide Creative Commons-Required Attribution–Philpot v. WOS](#)
* [Court Blasts "Copyright Troll" for Treating Courts "as an ATM"–Strike 3 v. Doe](#)
* [Reminder: Cutting-and-Pasting Photos from the Internet Is Hazardous to Your Legal Health–Grecco v. Valuewalk](#)
* [IP Address Subscriber Isn't Liable for Copyright Infringement by Users Sharing That IP Address–Cobbler v. Gonzales](#)
* [Trolling the Internet for Photos Creates Copyright Headaches for Ad Agency (and the Advertiser)–Laspata v. Rimowa](#)
* [Ill-Advised Copyright Lawsuit Over Facebook Live Video Becomes Costly For Plaintiff–Konangataa v. ABC](#)
* [A Photographer Sued a (Former) Student Over a School Project. Guess How That Turned Out–Reiner v. Nishimori](#)
* [Copyright Owner Denied Attorneys' Fees In Suit Against Popcorn Time User–Cobbler v. Doe](#)
* [Another Censorious Copyright Case Results In a Big Fee Shift–Inglewood v. Teixeira](#)
* [Big Fee Shift in Unsuccessful Copyright Lawsuit To Suppress Unflattering Photo–Katz v. Chevaldina](#)
* [Morel Denied Attorneys' Fees In Long-Running Suit Over Photos Lifted From Twitpic](#)

* [The Righthaven Debacle, 5 Years Later](#)
* [Defendant Gets Attorneys' Fees For 'Frivolous' DMCA Copyright Management Information Claim](#)
* [Copyright Trolling Is Really Hard to Do Profitably–Righthaven v. Hoehn](#)
* [Righthaven Hit With Another Fee/Cost Award, This Time Nearly $120k–Righthaven v. DiBiase](#)
* [Colorado Judge Drills Righthaven and Awards Attorneys' Fees–Righthaven v. Wolf](#)
* [Righthaven Defendant Awarded $3,800 in Attorneys' Fees–Righthaven v. Leon](#)