**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

James Whitlow Delano,

Plaintiff,

v.

Rowland Network Communications LLC,

Defendant.

No. CV-19-02811-PHX-MTL

**ORDER**

Before the Court is Defendant's Motion to Dismiss the Amended Complaint. (Doc. 24.) This case involves a photograph that Plaintiff took of the United States-Mexico border. Plaintiff claims that Defendant committed copyright infringement when it posted the photograph online without permission. Defendant moves to dismiss the Amended Complaint on five separate grounds. The motion is denied.[1]

## I. BACKGROUND

Plaintiff James Whitlow Delano is a professional photographer. He primarily resides in Tokyo, Japan. On an unspecified date, Plaintiff photographed a portion of the United States-Mexico border. The resulting photograph is the subject of this lawsuit.[2] Plaintiff "exercised personal and creative choices" in taking it, including "the selection of subject

---

[1] The Court believes that oral argument would not significantly aid the decisional process. *See* Fed. R. Civ. P. 78(b) (court may decide motions without oral hearing); LRCiv 7.2(f) (same).

[2] A copy of the photograph is attached as Exhibit A to the Amended Complaint. (Doc. 20-1.)

matter, the timing of when the photograph was taken, perspective, angle, depth, selection of camera equipment, [and] filtered lens." He also performed post-production editing. Plaintiff ultimately registered the photograph with the United States Copyright Office on September 29, 2017. He also licensed it to various media outlets. (Doc. 20 ¶¶ 1-15.)

Defendant Rowland Network Communications, LLC, owns and operates an "internet news radio website" called "Midnight in the Desert," available at midnightinthedesert.com. (Doc. 24 at 1.) Plaintiff claims that on March 7, 2016, Defendant published the photograph at issue on its website without permission, alongside an article titled, "This is What The U.S.-Mexico Border Actually Looks Like: Our photographer visits the most talked-about stretch of land in U.S. politics."[3] (Doc. 20 ¶ 16.) Plaintiff states that he became aware that the photograph was posted to Defendant's website on September 12, 2017. (Doc. 20 ¶ 21.) In the pending motion, Defendant states that the photograph and article originally appeared on *National Geographic*'s website. Defendant asserts that it posted part of the article and a "very small cropped portion" of one of the article's nine photographs. (*Id.* at 2.) Plaintiff does not reference *National Geographic*.

Plaintiff filed the original Complaint on May 5, 2019. (Doc. 1.) He then filed the Amended Complaint on September 6, 2019.[4] (Doc. 20.) It alleges one copyright infringement claim pursuant to 17 U.S.C. §§ 106, 501. Plaintiff seeks a determination that Defendant infringed on his copyright; an order that Defendant remove the photograph from its website; and an award of actual damages, profits, and punitive damages (*Id.* at 4-5.)

Defendant filed the pending motion on September 27, 2019. (Doc. 24.) It moves to dismiss the Amended Complaint on five separate grounds: the claim is time-barred, Plaintiff cannot state a claim for copyright infringement, Defendant's posting of the

---

[3] The article and photograph posted to Defendant's website are attached as Exhibit B to the Amended Complaint. (Doc. 20-2.)

[4] Defendant filed its first motion to dismiss on August 16, 2019. (Doc. 19.) Because Plaintiff filed the First Amended Complaint within 21 days of service of the motion to dismiss, leave of the Court was not required to filed the Amended Complaint. *See* Fed. R. Civ. P. 15(a)(1)(B). The first motion to dismiss was denied as moot on October 29, 2019. (Doc. 29.)

photograph was both fair use and *de minimis*, and service was improper. Plaintiff filed a response on October 11, 2019 (Doc. 26); Defendant filed a reply on October 22, 2019. (Doc. 28.)

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle it to relief." *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000).

The Court must accept material allegations in the Complaint as true and construe them in the light most favorable to Plaintiff. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). "Indeed, factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Review of a Rule 12(b)(6) motion is "limited to the content of the complaint." *North Star Int'l*, 720 F.2d at 581.

### B. Rule 12(b)(5)

A defendant may move to dismiss, pursuant to Rule 12(b)(5), for insufficient service of process under Rule 4. *See* Fed. R. Civ. P. 12(b)(5). "Before a … court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Strong v. Countrywide Home Loans, Inc*., 700 Fed. App'x 664, 667 (9th Cir. 2017) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co*., 484 U.S. 97, 104 (1987)). The plaintiff bears the burden of establishing the validity of service on a Rule 12(b)(5)

motion. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

## III. ANALYSIS

Defendant argues five independent grounds for dismissal. The Court will address them in turn.

### A. Time-Barred

Defendant first argues that Plaintiff's claim is time-barred. (Doc. 24 at 5.) Copyright infringement claims must be "commenced within three years after the claim accrued." 17 U.S.C. § 507(b). The Ninth Circuit applies the "discovery rule" to copyright infringement claims, in which a claim accrues when a party discovers, or reasonably could have discovered, the alleged infringement. *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004), as amended (Oct. 25, 2004). The purpose of the rule is that "[i]t makes little sense … to bar damages recovery by copyright holders who have no knowledge of the infringement[.]" *Id.* at 706-07. The discovery rule creates a "disjunctive two-prong test of actual or constructive notice, under which the statute begins running under either prong." *Pincay v. Andrews*, 238 F.3d 1106, 1109 (9th Cir. 2001). A plaintiff has constructive knowledge if it "had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the [claim.]" *Id.* (citation omitted).

The Amended Complaint states that Plaintiff discovered the photograph on Plaintiff's website "on or about September 12, 2017," such that the May 2, 2019 filing of the original Complaint was within the three-year statute of limitations.[5] Defendant, however, claims that the claim actually accrued when it posted the photograph in March 2016. Defendant argues that Plaintiff had constructive notice at that time because nothing in the Amended Complaint "suggest[s] any impediment" to discovering the photograph on Defendant's website. (Doc. 24 at 6.) "Indeed," Defendant states, "a simple reverse-image

---

[5] The original Complaint did not state the date on which Plaintiff discovered the alleged infringement. Plaintiff does not appear to dispute that the First Amended Complaint "relates back" to the date of the original Complaint under Fed. R. Civ. P. 15(c), although, given the dates at issue, this is not legally relevant.

search using the Google search engine, the most basic form of investigation of online infringement of a photograph, would have revealed" the photograph on Defendant's website. (*Id.* at 6.)

The Court must accept the Amended Complaint as true at this stage. *North Star Int'l*, 720 F.2d at 580. Further, when a motion to dismiss is based on the statute of limitations, "it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)). Plaintiff states that he discovered the photograph on Defendant's website less than three years before filing suit. (Doc. 20 ¶ 21.) It is accordingly not apparent from the face of the Amended Complaint that the claim is time-barred.

It is true that a court may dismiss a claim where "no reasonable finder of fact could conclude that [a] plaintiff's asserted lack of knowledge of an alleged infringement was reasonable." *Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1148 (N.D. Cal. 2007). However, as Plaintiff notes, multiple courts have held that photographers do not have a "general duty to police the internet for copyright infringements." (Doc. 26 at 14-15.) *See, e.g.*, *Mackie v. Hipple*, No. C09-0164RSL, 2010 WL 3211952, at *2 (W.D. Wash. Aug. 9, 2010) ("[Defendant] presents no case law indicating that [Plaintiff] had an affirmative duty to police the internet and stock photography agencies to find infringing copies of his work. . . . . [A] sculptor would have no similar duty to scan the internet for all possible photographic infringers simply because her work has been infringed in the past"); *Masi v. Moguldom Media Grp. LLC*, No. 18 CIV. 2402 (PAC), 2019 WL 3287819, at *5 (S.D.N.Y. July 22, 2019) ("[Plaintiff] did not have knowledge of any infringement of his work and there was no reason for him to think, or duty for him to scour the internet to find out if, anyone was using his photographs without his consent."). At this stage, a reasonable factfinder could find that Plaintiff's lack of awareness that his photograph appeared on Defendant's website for 18 months was reasonable. Dismissal is therefore not appropriate on this basis.

**B. Copyright Infringement**

Defendant argues that Plaintiff has not stated a claim for copyright infringement because the "purported right belongs to *National Geographic*" rather than to Plaintiff. (Doc. 24 at 7.) Defendant states, in a cursory manner, that because the photograph appeared in *National Geographic*, Plaintiff "cannot make out a claim for direct infringement." (*Id*. at 7-8.) To succeed on a claim for copyright infringement, a plaintiff must demonstrate "(1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Pasillas v. McDonald's Corp*., 927 F.2d 440, 442 (9th Cir. 1991). The Amended Complaint states that Plaintiff "has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto." (Doc. 20 ¶ 14.) Plaintiff also states that Defendant published the photograph on its website without permission or consent. (*Id*. ¶ 17.) The Court notes that, according to Exhibit B to the Amended Complaint, Defendant posted the photograph on March 7, 2016—more than a year before Plaintiff registered his copyright. (Doc. 20-2.) This presents no issue at this stage, however, because "[u]pon registration of the copyright, … a copyright owner can recover for infringement that occurred both before and after registration." *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886–87 (2019). Defendant is free to argue that the "purported rights" belong to *National Geographic* after conducting discovery in this case. At this stage, however, Plaintiff has stated the elements of a copyright infringement claim.

**C. Fair Use**

Defendant also argues that the case should be dismissed because its use of the photograph was a "fair use." (Doc. 24 at 8.) Section 106 of the Copyright Act "confers a bundle of exclusive rights to the owner of the copyright," including to publish, copy, and distribute the work. *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 546–47 (1985); 17 U.S.C. § 106. These rights are subject to limited statutory exceptions, however, including § 107, which permits the "fair use" of a copyrighted work in certain circumstances. *See* 17 U.S.C. § 107. Section 107 states, "the fair use of a copyrighted work,

… for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright." *Id*. It provides four factors for determining whether fair use exists:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

*Id*. Fair use is an affirmative defense. *Monge v. Maya Magazines, Inc*., 688 F.3d 1164, 1170 (9th Cir. 2012).

The parties devote multiple pages of briefing to the factors identified above. The Court, however, will decline to engage in an extended analysis of the fair use issue. Fair use "is a mixed question of law and fact." *Leadsinger, Inc. v. BMG Music Pub*., 512 F.3d 522, 530 (9th Cir. 2008). Affirmative defenses may also generally not be raised in a motion to dismiss. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). For these reasons, courts "rarely analyze fair use on a 12(b)(6) motion." *Browne v. McCain*, 612 F. Supp. 2d 1125, 1130 (C.D. Cal. 2009); *see also Leadsinger, Inc.*, 512 F.3d at 530 (it is "unusual" to decide fair use on a motion to dismiss). There are exceptions when the defense raises no disputed issues of fact. *Id*. That is clearly not the case here, however. For example, Defendant's motion states that it posted a "very small cropped amount" of Plaintiff's photograph, whereas the Amended Complaint states that Defendant posted the photograph "in full color and full-scale." (Doc. 24 at 10; Doc. 20 at 3.) Further, Defendant states that the photograph was originally posted by *National Geographic*, alongside nine of Plaintiff's other photographs. (Doc. 24 at 10.) The Amended Complaint never references *National Geographic* or any other photographs taken by Plaintiff. (Doc. 24.)

Accordingly, the Court will not dismiss on fair use grounds at this stage. *See Four Navy Seals v. Associated Press*, 413 F. Supp. 2d 1136, 1148 (S.D. Cal. 2005) ("Defendants

devote many pages of briefing to their argument that their use of the photograph was a non-infringing fair use. However, that issue is inappropriate for determination in a 12(b)(6) motion, since fair use is an affirmative defense to an infringement claim."); *Browne*, 612 F. Supp. at 1130–31 ("[G]iven the early stage of this case, undeveloped factual record, limited factual allegations in the Complaint, existence of potentially disputed material facts, and nature of the Court's inquiry on a 12(b)(6) motion, the Court declines RNC's invitation to undertake the fair use analysis at this time."); *Sushi Nozawa, LLC v. HRB Experience, LLC*, No. 219CV07653ODWSSX, 2020 WL 1529379, at *4 (C.D. Cal. Mar. 31, 2020) (courts "typically … reserve the issue of fair use for summary judgment"). While Defendant is free to raise this defense on a motion for summary judgment or at trial, the Court declines to engage in the analysis at this time.

**D. *De Minimis* Use**

Defendant also argues that dismissal is appropriate because its use of the photograph was *de minimis*. Defendant states that it "posted only a very small, cropped portion of one photo" and a link to the *National Geographic* article. (Doc. 24 at 14.) The unauthorized use of a copyrighted work must be "significant enough" to constitute infringement. *Newton v. Diamond*, 388 F.3d 1189, 1192–93 (9th Cir. 2004) (citing *Ringgold v. Black Entm't Television, Inc.*, 126 F.3d 70, 74–75 (2d Cir. 1997)). Therefore, even when copying is conceded, no legal consequences attach when the copying is "*de minimis*." *Id.* The Ninth Circuit has stated that a use is *de minimis* "only if the average audience would not recognize the appropriation." *Id.* at 1193 (citing *Fisher v. Dees*, 794 F.2d 432, 434 n.2 (9th Cir. 1986)).

The Court is not convinced that Defendant's use of the photograph was *de minimis*.[6]

---

[6] In support of the *de minimis* argument, Defendant largely relies on other courts' previous censure of Plaintiff's counsel. (Doc. 24 at 15.) For example, Defendant cited a Southern District of New York opinion stating, "Plaintiff's counsel, Richard Liebowitz, is a known copyright 'troll,' filing over 500 cases in this district alone in the past twenty-four months" and finding "particularly concerning Mr. Liebowitz's repeated failures to follow the orders and rules of this Court and others within the district, as well as his propensity to take unreasonable positions and to omit crucial facts—or even to make outright

The Amended Complaint states that Defendant's website "featured the Photograph in full color and full-scale, directly above the headline." (Doc. 20 at 3.) The Court is also unable to confirm, upon review of the exhibits to the Amended Complaint, Defendant's assertion that it used only "one one-thousandth use of one photograph from the *National Geographic* Article." (Doc. 24 at 16.) The Court will therefore not dismiss on *de minimis* grounds. *See Synopsys, Inc. v. InnoGrit, Corp.*, No. 19-CV-02082-LHK, 2019 WL 4848387, at *12 (N.D. Cal. Oct. 1, 2019) (denying a motion to dismiss, in part, because "it is not clear from the face of the complaint that the *de minimis* copying defense would apply.").

**E. Service**

Finally, Defendant argues that dismissal is warranted because service of the complaint and summons was improper.[7] Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant within 90 days of filing a complaint. If a defendant is not timely served, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff shows good cause, "the court must extend the time for service for an appropriate period." *Id.* Defendant argues that service was improper because Plaintiff did not properly serve it as a limited liability company under Arizona law.

Rule 4(e)(1) provides that plaintiffs may utilize the service of process rules that apply in the state in which the district court is located. Fed. R. Civ. P. 4(e)(1). Defendant is a limited liability company. (Doc. 20 ¶ 6.) In Arizona, service of process can only be accomplished on a limited liability company as directed by Rule 4.1(i) of the Arizona Rules of Civil Procedure or A.R.S. § 29-606.[8] Rule 4.1(i) states that service can be accomplished "by delivering a copy of the summons and the pleading being served to a partner, an officer,

---

misrepresentations—in an apparent attempt to increase costs and to extort unwarranted settlements." *Pereira v. 3072541 Canada Inc.*, No. 17-CV-6945 (RA), 2018 WL 5999636, at *3 (S.D.N.Y. Nov. 15, 2018); Doc. 24 at 15-16. While these findings are certainly troubling, they do not speak to whether Plaintiff's use of the photograph was *de minimis* for the purposes of a motion to dismiss.

[7] Although Defendant does not cite to Fed. R. Civ. P. 12(b)(5), this is the proper avenue for dismissal based on insufficient service of process.

[8] Defendant incorrectly cites Ariz. R. Civ. P. 4(h) in its motion. (Doc. 24 at 16.)

a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" A.R.S. § 29-606(A) provides that service can be effected upon the statutory agent or manager appointed by the limited liability company. However, if the "company fails to appoint or maintain a statutory agent at the address shown on the records of the [Arizona Corporation Commission]," then "the [Arizona Corporation Commission] is an agent of the limited liability company on whom any process ... may be served." A.R.S. § 29-606(B). Together, "the statute and rule provide a road map of who must be served with process to secure jurisdiction over a limited liability company." *Hahne v. AZ Air Time, LLC*, No. 1 CA-CV 14-0586, 2016 WL 1117747, at *2 (Ariz. Ct. App. Mar. 22, 2016).

Defendant argues that service was improper because although it had a registered agent, Plaintiff only served the Arizona Corporation Commission. (Doc. 24 at 16-17.) The proof of service states that Plaintiff served Defendant "by and through the Arizona Cooperation [sic] Commission at 1300 W. Washington St in Phoenix, Arizona." (Doc. 12.) Although Defendant's motion does not identify its statutory agent, the Court has independently reviewed, and will take judicial notice of, Arizona Corporation Commission public records indicating that its statutory agent is and has been Keith Rowland, located at 5440 E Dallas St., Mesa, AZ 85205, since February 9, 2015.[9] *See* Fed. R. Evid. 201 ("A district court may properly take judicial notice of any fact "not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *BMO Harris Bank, N.A. v. D.R.C. Investments, L.L.C.*, No. CV-13-1692-PHX-LOA, 2013 WL 4804482, at *2 (D. Ariz. Sept. 9, 2013) ("[I]ndependently confirmed by the Court, the Arizona Corporation Commission's public records indicate that DRC's statutory agent is Bernard M. Rethore, and both its domestic and statutory agent's address is …").[10] The record does not indicate,

---

[9] https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber=L19846025 (last viewed 5/4/2020).

[10] The Court may also take judicial notice of these records without converting the motion into a motion for summary judgment under Rule 56. *See Lee*, 250 F.3d at 690.

and Plaintiff does not state, that it ever attempted to serve Mr. Rowland before serving the Arizona Corporation Commission. Accordingly, Plaintiff's service was not proper.

The next issue is whether Plaintiff showed "good cause" for his improper service. As noted, if a plaintiff shows good cause, the court "must" extend the time for service. Fed. R. Civ. P. 4(m). In the Ninth Circuit, at "a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (citing *Hart v. United States*, 817 F.2d 78, 80–81 (9th Cir. 1987)). With respect to service, Plaintiff's response states only:

> Finally, Defendant argues that the summons and complaint were not properly served, even though Defendant has appeared to defend the action and has already filed two motions to dismiss.
>
> In the event the Court finds any technical defect with service of process, Plaintiff respectfully requests a period of twenty-one (21) days to re-effectuate service of process upon the Defendant.

(Doc. 26 at 30.) Plaintiff has not even attempted to justify his ineffective service. As the Supreme Court has noted, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect[.]" *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Plaintiff has not provided good cause. The Court is therefore not required to extend the time for service.

Absent a showing of good cause, a district court has "broad" discretion to either dismiss the case without prejudice or to permit an extension of time. *Hearst v. West*, 31 F. App'x 366, 369 (9th Cir. 2002). In determining whether to permit an extension, a district court may consider factors "like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

The Court considers this to be a close call. As discussed above, taking the Amended Complaint as true, the statute of limitations for the copyright infringement claim will expire

on September 12, 2020. (Doc. 20 ¶ 21.) Plaintiff would therefore not be barred from refiling if the case were dismissed without prejudice. Plaintiff has also not properly served Defendant to date (even in an untimely manner). These factors weigh in favor of dismissing without prejudice. However, Defendant has had actual notice of the lawsuit, as indicated by its two motions to dismiss. (Docs. 19, 24.) The Court also weighs favorably the fact that Plaintiff attempted to serve Defendant in a manner that would have been acceptable, had Defendant failed to designate a statutory agent. A.R.S. § 29-606(B). Defendant has also not identified how it was specifically prejudiced by Plaintiff's service on the Corporation Commission. Judicial efficiency also weighs in favor of granting the extension, which permits the Court to rule on the pending motion rather than wait for the parties to re-file the case and motion to dismiss briefing. Weighing these factors, the Court will exercise its discretion and permit Plaintiff to properly serve Defendant within 21 days. In so ruling, the Court emphasizes that it expects Plaintiff to familiarize itself and comply with all applicable rules and law, including but not limited to the Local Rules of Civil Procedure, for the duration of this case.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED denying** Defendant's Motion to Dismiss the Amended Complaint (Doc. 24).

**IT IS FURTHER ORDERED** that Plaintiff effectuate proper service on Defendant within **21 days** of the date of this order. Failure to do so will result in dismissal of the case without prejudice.

Dated this 8th day of May, 2020.

Michael T. Liburdi
United States District Judge