Richard Liebowitz (RL-1234)
LIEBOWITZ LAW FIRM, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516) 233-1660
rl@liebowitzlawfirm.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Whitlow Delano,<br><br>                    Plaintiff,<br><br>   - against -<br><br><br>Rowland Network Communications, LLC<br><br>                    Defendant. | Case No. 2:19-cv-02811 (PHX-MTL) |

**PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO LRCiv 7.2
RELATING TO SERVICE OF PROCESS**

    Plaintiff James Whitlow Delano ("Plaintiff"), via counsel, respectfully submits this motion for reconsideration pursuant to LRCiv 7.2 regarding the Court's conclusion in its Order, dated May 8, 2020 [Dkt. #30, pp.10-11] that service of process of the amended complaint upon Defendant Rowland Network Communications, LLC ("Rowland" or "Defendant") was not proper.

    For the reasons stated below, Plaintiff respectfully requests that the Court enter a modified Order finding that service of process was proper based on the admission of new evidence, namely an affidavit of attempted personal service upon Defendant's statutory agent which is dated prior to service upon the Arizona Corporation Commission.

    This evidence was inadvertently omitted from Plaintiff's opposition papers to Defendant's Rule 12(b)(5) motion but Plaintiff respectfully requests that this evidence be

reconsidered in furtherance of justice and on equitable grounds, particularly in light of the fact that Defendant is *willfully evading service.*

Plaintiff also respectfully requests that the Court stay the 21-day deadline to re-serve the Defendant with the amended complaint until 21 days after the instant motion is decided by the Court.

## LEGAL STANDARD

LRCiv. 7.2 (g)(1) provides that "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

## ARGUMENT

**POINT I:** **SERVICE WAS PROPER BECAUSE PLAINTIFF DID ATTEMPT TO SERVE ROWLAND BEFORE SERVING THE ARIZONA CORPORATION COMMISSION**

In the Court's order, dated May 8, 2020, the Court found that "[t]he record does not indicate, and Plaintiff does not state, that it ever attempted to serve Mr. Rowland before serving the Arizona Corporation Commission. Accordingly, Plaintiff's service was improper." [Dkt. #30, pp.10-11]

Although Plaintiff neglected to file proof of attempted service with the Court before disposition of the Defendant's Rule 12(b)(5) motion, Plaintiff did, in fact, attempt to serve Rowland personally in compliance with Rule 4.1(i) of the Arizona Rules of Civil Procedure or A.R.S. § 29-606.

As per the "Declaration of Due Diligence By Private Process Server," dated May 30, 2019, an attempt to serve Rowland was made through its statutory agent Keith Rowland at 5440 E. Dallas St. in Mesa, Arizona on May 11, 2019. [See Declaration of Richard Liebowitz, Ex. A, filed concurrently herewith] (the "Attempted Service Declaration")  However, the service attempt was unsuccessful.

The record shows that the Plaintiff's attempt to serve Rowland via its Statutory Agent was made on May 11, 2019; prior to June 10, 2020, the date of service upon the Arizona Corporation Commission. [Dkt. #12]  Accordingly, service was proper.

Plaintiff recognizes that it neglected to file the Attempted Service Declaration as part of his opposition to Defendant's Rule 12(b)(5).  This was administrative oversight and Plaintiff apologizes to the Court for this error.  However, Plaintiff's neglect should not alter the conclusion that service of process was proper.  For that reason, Plaintiff respectfully requests that the Court take this new evidence into consideration and modify its Order to indicate that service was proper.

**POINT II:    DEFENDANT REFUSES TO WAIVE SERVICE AND SHOULD NOT BE REWARDED FOR ITS WILLFUL EVASION AND GAMESMANSHIP**

Plaintiff respectfully submits that the requested relief is also proper upon equitable grounds. The record shows that Defendant is willfully evading service of process to increase the costs of litigation and likely harass Plaintiff.

"If defendant chooses to flout the notice and refuse to accept it, he will not be permitted to say in the next breath that he has not been served." *Cherry v. Heffrnan*, 132 Fla. 3862 182 So. 427, 429 (1938). Furthermore, "[i]t would create an intolerable situation if the defendant could, by his own willful act, or refusal to act, prevent the plaintiff from maintaining his action." *Creadick v. Keller*, 35 Del. 169, 160 A. 909, 909 (1932).

Here, on May 12, 2020, Plaintiff's counsel asked Defendant's sole counsel of record Jay A. Calhoun, Esq. of Calhoun Law Firm PLLC to waive service of process. [See Declaration of Richard Liebowitz, Ex. B]  Defense counsel responded that he was not authorized to accept service on Defendant's behalf [*Id.*].  Given that Mr. Calhoun filed a notice of appearance on Defendant's behalf on July 31, 2019 [Dkt. #16] and has actively participated in his client's defense, having filed two motions to dismiss this action, it is self-evident that Defendant is

3

attempting to evade service.

Such gamesmanship should not be rewarded as Defendant is clearly attempting to increase the costs of this litigation and force Plaintiff to expend time, money and resources on chasing down a willful service evader.

## CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration should be GRANTED. Plaintiff also respectfully requests that the Court stay the 21-day deadline to re-serve the Defendant with the amended complaint until 21 days after this motion is decided by the Court, particularly in light of the fact that Defendant is *willfully evading service.*

Respectfully Submitted,

LIEBOWITZ LAW FIRM, PLLC

by: **/richardliebowitz/**
Richard Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516) 233-1660
rl@liebowtizlawfirm.com

*Counsel for Plaintiff*

4