**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Whitlow Delano, | No. CV-19-02811-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Rowland Network Communications LLC, | |
| Defendant. | |

Before the Court is Plaintiff James Whitlow Delano's Motion for Reconsideration. (Doc. 31.) Plaintiff requests that the Court reconsider part of its May 8, 2020 Order requiring him to properly serve Defendant Rowland Network Communications, LLC. (Doc. 30.) The Court ruled that Plaintiff did not effectuate proper service because he was required to first attempt to serve Defendant's registered agent before serving the Arizona Corporation Commission. *See* A.R.S. § 29-606; Ariz. R. Civ. P. 4.1(i). The Court permitted Plaintiff 21 days from the date of the Order to effectuate proper service, or else the case would be dismissed without prejudice. (Doc. 30 at 12.)

In the present motion, Plaintiff states that he "inadvertently omitted" from earlier briefing his attempt to serve Defendant's statutory agent before serving the Arizona Corporation Commission. (Doc. 31 at 1.) Plaintiff attaches a declaration to this effect. (Doc. 31-2.) The declaration was not previously filed in this case. Plaintiff states that the omission of this information was an "administrative oversight" and "apologize[d] to the Court for this error." (Doc. 31 at 3.) Plaintiff also attaches an email in which defense

counsel of record stated that he was not authorized to accept service on Defendant's behalf. (Doc. 31-3.) Plaintiff cites this information in support of his argument that Defendant has "willfully" evaded service and that such "gamesmanship" should not be rewarded. (Doc. 31 at 3-4.)

Rule 7.2(g)(1) of the Local Rules of Civil Procedure states, "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." *See also Smith v. Clark County School Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (A motion for reconsideration should be denied unless the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."). As Plaintiff notes, its omission of the previous service attempt was "inadvertent." (Doc. 31 at 1.) There is no reason to believe that this information "could not have been brought" to the Court's attention "earlier with reasonable diligence." LRCiv 7.2(g)(1).

Further, A.R.S. § 29-606(B) permits service upon the Arizona Corporation Commission if a limited liability company "fails to appoint or maintain a statutory agent at the address shown on the records of the [Arizona Corporation Commission]." Although Plaintiff has attached a declaration demonstrating that Plaintiff's process server unsuccessfully attempted to serve Defendant's registered agent (Doc. 31-2), he has not demonstrated that Defendant failed to appoint or maintain a statutory agent at the address provided. As such, Plaintiff has not demonstrated that service on the Arizona Corporation Commission was proper. For these reasons, the Court will deny Plaintiff's Motion for Reconsideration.

In so ruling, the Court notes that it expects Defendant not to evade service. Should such issues arise, Plaintiff is free to bring them to the Court's attention. However, despite Plaintiff's assertion, defense counsel's lack of authority to accept service is not equivalent to "willful" evasion. (Doc. 31 at 4.) *See, e.g., Gabaldon v. City of Peoria*, No. 2:12-CV-01612-PHX, 2013 WL 3216150, at *3 (D. Ariz. June 25, 2013) ("There is no legal basis


for requiring a non-party to accept service on behalf of a defendant. Defendants' counsel may agree to accept service on behalf of Defendants, but this Court will not order counsel to do so.").

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 31) is **denied**.

**IT IS FURTHER ORDERED** that the deadline for Plaintiff to serve Defendant remains 21 days from the date of the Court's May 8, 2020 Order. (Doc. 30.)

Dated this 15th day of May, 2020.

Michael T. Liburdi
United States District Judge