Jay Calhoun (SBN 022836)
THE CALHOUN LAW FIRM, PLC
P.O. Box 7262
Chandler, Arizona 85246
Tel: (480) 967-1800
Fax: (480) 967-1810
firm@law4sb.com

Attorneys for Defendant Rowland Network Communications, LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Whitlow Delano,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Rowland Network Communications, LLC, an Arizona limited liability company,<br><br>　　　　　Defendant. | Case No. 2:19-cv-02811-MTL<br><br>**DEFENDANT'S ANSWER TO AMENDED COMPLAINT**<br><br>The Honorable Michael Liburdi |

Defendant Rowland Network Communications, LLC ("Defendant" or "Rowland"), by and through their undersigned attorney, hereby answers the Amended Complaint and submits this Demand for Jury Trial. Rowland allege as follows:

NATURE OF THE ACTION

1. Answering paragraph 1, Rowland is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second and third sentence of paragraph 1 and, on that basis, deny them.

1

2. Answering paragraph 2, Rowland is without sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph, and on that basis, denies the allegations contained in paragraph 2.

3. Rowland admits it transacts business in Arizona and denies the remainder of the allegations in paragraph 3.

4. Answering paragraph 4, Rowland is without sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph, and on that basis, denies the allegations contained in paragraph 4.

5. Answering paragraph 5, Rowland is without sufficient knowledge or information to form the belief as to the truth of the allegations contained in paragraph 5 and, on that basis, deny them.

6. Rowland admits the allegation in paragraph 6.

7. Rowland is without sufficient knowledge or information to form the belief as to the truth of the allegations contained in paragraph 7 and, on that basis, deny them.

8. Rowland admits the allegations of paragraph 8.

9. Rowland admits the allegation in paragraph 9.

10. Rowland denies the allegations in paragraph 10.

## FACTUAL ALLEGATIONS

11. Paragraph eleven asserts a legal conclusion to which no answer is required. To the extent an answer is called for, Rowland is without sufficient knowledge or information to

Case 2:19-cv-02811-MTL   Document 38   Filed 06/05/20   Page 3 of 7

form the belief as to the truth of the allegations in the third sentence contained in paragraph 11 and, on that basis, denies it.

12. Paragraph twelve asserts a legal conclusion to which no answer is required. To the extent an answer is called for, Rowland is without sufficient knowledge or information to form the belief as to the truth of the allegations in the third sentence contained in paragraph 12 and, on that basis, denies it.

13. Paragraph 13 asserts a legal conclusion to which no answer is required. To the extent an answer is called for, Rowland is without sufficient knowledge or information to form the belief as to the truth of the allegations in the third sentence contained in paragraph 13 and, on that basis, denies it.

14. Paragraph 14 asserts a legal conclusion to which no answer is required. To the extent an answer is called for, Rowland is without sufficient knowledge or information to form the belief as to the truth of the allegations in the third sentence contained in paragraph 14 and, on that basis, denies it.

15. Paragraph 15 asserts a legal conclusion to which no answer is required. To the extent an answer is called for, Rowland is without sufficient knowledge or information to form the belief as to the truth of the allegations in the third sentence contained in paragraph 15 and, on that basis, denies it.

16. Rowland denies the allegations in paragraph 16.

17. Paragraph 17 asserts a legal conclusion to which no answer is required. To the extent an answer is called for, Rowland is without sufficient knowledge or information to

3

form the belief as to the truth of the allegations in the third sentence contained in paragraph 17 and, on that basis, denies it.

18. Paragraph 18 asserts a legal conclusion to which no answer is required. To the extent an answer is called for, Rowland is without sufficient knowledge or information to form the belief as to the truth of the allegations in the third sentence contained in paragraph 18 and, on that basis, denies it.

19. Paragraph 19 asserts a legal conclusion to which no answer is required. To the extent an answer is called for, Rowland is without sufficient knowledge or information to form the belief as to the truth of the allegations in the third sentence contained in paragraph 19 and, on that basis, denies it.

20. Paragraph 20 asserts a legal conclusion to which no answer is required. To the extent an answer is called for, Rowland is without sufficient knowledge or information to form the belief as to the truth of the allegations in the third sentence contained in paragraph 20 and, on that basis, denies it.

21. Paragraph 21 asserts a legal conclusion to which no answer is required. To the extent an answer is called for, Rowland is without sufficient knowledge or information to form the belief as to the truth of the allegations in the third sentence contained in paragraph 21 and, on that basis, denies it.

22. Paragraph 22 asserts a legal conclusion to which no answer is required. To the extent an answer is called for, Rowland is without sufficient knowledge or information to

form the belief as to the truth of the allegations in the third sentence contained in paragraph 22 and, on that basis, denies it.

23. Answering paragraph 23, Rowland incorporates its answers and responses contained in paragraphs 1 through 22, inclusive, as though fully set forth herein.

24. Paragraph 24 asserts a legal conclusion to which no answer is required. To the extent an answer is called for, Rowland is without sufficient knowledge or information to form the belief as to the truth of the allegations in the third sentence contained in paragraph 24 and, on that basis, denies it.

25. Paragraph 25 asserts a legal conclusion to which no answer is required. To the extent an answer is called for, Rowland is without sufficient knowledge or information to form the belief as to the truth of the allegations in the third sentence contained in paragraph 25 and, on that basis, denies it.

26. Answering paragraph 26, Rowland denies, generally and specifically, every allegation contained in paragraph 26.

27. Answering paragraph 27, Rowland denies generally and specifically, every allegation contained in paragraph 27.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

Defendant alleges the following affirmative defenses: the Amended Complaint fails to state a claim upon which relief can be granted; fair use, no possession or ownership of copyright in the materials referred to in the Amended Complaint, laches, doctrine of waiver,

estoppel, no damages, unjust enrichment, subject matter jurisdiction, forfeiture of copyright, failure to join indispensable party, de minimis use, statute of limitations and lack of standing.

By designating these affirmative defenses, Rowland does not in any way waive or limit any defenses that are or may be raised by its denials, allegations, and averments set forth herein. Rowland reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation.

**PRAYER**

WHEREFORE, Rowland prays for judgment as follows:

1.  Plaintiff take nothing by reason of his Amended Complaint and that judgment be rendered in favor of Rowland;

2.  Rowland be awarded his reasonable attorney's fees and costs of suit incurred in defense of this action; and

3.  For such other relief as the court deems proper.

Dated: June 5, 2020

                     THE CALHOUN LAW FIRM, PLC

                     <u>By /s/ *Jay Calhoun*</u>
                     Jay Calhoun
                     P.O. Box 2995
                     Tempe, Arizona 85280
                     Attorney for Plaintiff

**<u>CERTIFICATE OF SERVICE</u>**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

I certify that on the 5th day of June 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants of record in this matter.

*/s/Jay Calhoun*