UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

------------------------------------------------- x
JAMES WHITLOW DELANO,                             :
                                                  :
               Plaintiff,     :  Docket No. 19-cv-2811-PHX-MTL
                                                  :
      - against –                                :
                                                  :
ROWLAND NETWORK                                   :
COMMUNICATIONS LLC                                :
                                                  :
               Defendant.     :
------------------------------------------------- x

## JOINT DISCOVERY CASE MANAGEMENT PLAN

1. Plaintiff James Whitlow Delano and Defendant Rowland Network Communications LLC ("Rowland Network"), by and through their undersigned attorneys, hereby submit the following Rule 26(f) Report. Richard Liebowitz, Liebowitz Law Firm, PLLC, 11 Sunrise Plaza, Suite 305, Valley Stream, New York 11580, 516-233-1550 counsel for Plaintiff and Jay Calhoun, The Calhoun Law Firm, PLC, PO BOX 7262, Chandler, AZ 85246. Counsel met and conferred as part of our Rule26f conference. This report was initially prepared by Plaintiff's counsel and sent to defendant's counsel on July 5, 2020.

2. Plaintiff- James Whitlow Delano.  Defendant: Rowland Network Communications LLC (there are no parent corporations for Rowland Network).

3. Plaintiff James Whitlow Delano brings an action of copyright infringement against Rowland Network alleging that Rowland Network displayed Delano's copyrighted photograph of the US-Mexico border on Defendant's website without permission or authorization. Defendant Rowland disputes the claim of copyright infringement and has asserted fair use, de minimis use, statute of limitations and failure to include a necessary party.

4. Defendant disputes that he infringed any copyright. Plaintiff disputes that Defendant did not infringed his copyright.

5. Plaintiff contends the Court has subject matter jurisdiction under the Copyright Act and 28 U.S.C. § 1331.  The plaintiff contends the Venue is appropriate in this District pursuant to 28 U.S.C.  1391(a)(2) because Rowland Network has its principal place of business in this district.

6. All parties have been served.

7. Plaintiff's statement - plaintiff does not anticipate adding any additional parties to the case or do not anticipate amending the pleadings.
Defendant's statement – defendant expects to add additional party to the case.

8. Plaintiff's statement - Summary Judgment motion on copyright infringement liability.

9. Plaintiff's statement - The parties will continue discussing settlement during discovery, the parties would like to have the case referred to the Magistrate Judge to hold a telephonic mediation.
Defendant's statement – defendant will continue to seek a resolution to this action. If the court refers this case to a Magistrate for settlement conference, defendant respectfully requests an in-person settlement conference to validate and confirm the identity of the plaintiff and plaintiff's counsel.

10. This case is not suitable for reference to a special master or Magistate Judge.
Defendant statement – at this time, defendant believes there is no need for a special master. However, if discovery issues present themselves, defendant may ask the court to appoint a special master.

11. No related cases

12. Plaintiff's statement - Plaintiff served its MIDP on July 6, 2020.
Defendant served its MIDP on July 6, 2020. Defendant asserts Plaintiff's MIDP is insufficient.

13. Plaintiff anticipate that discovery in this case will involve the production of hard copy documents and electronically stored information ("ESI").  The parties will meet and confer in good faith throughout the course of discovery in an effort to avoid the need for any formal motions related to discovery of ESI.
Defendant's statement – As stated above, the parties have not had a discussion. Defendant expects information related to the "discovery" of the National Geographic post be produced electronically and documents related to the sale of plaintiff's work can be produced in hard copy, along with plaintiff's agreement with National Geographic.

14. Plaintiff will produce a privileged log if necessary.

      Defendant will produce a privilege log if necessary.
15. Discovery
    Plaintiff
    a. Documents related the Photograph at issue, damages, number of visitors to the website, etc.
    b. No discovery limitations
    c. 7 hours of depositions each
    Defendant's Statement

  Defendant objects to plaintiff's request for no discovery limitations. Given the amount at stake, if any, the Court should limit discovery. Necessary discovery for defendant is possibly two depositions to last not more than 5 hours. ESI information related to plaintiff's "discovery" of Rowland's link to the National Geographic online article, and other information related to the claims in plaintiff's amended complaint. Plaintiff has not produced its MIDP responses and the parties have not had a discussion about discovery and defendant's request may change when it has obtained initial discovery information.

As it relates to ESI, defendants want plaintiff's ESI produced in native format (includes all meta data) and hard copy of the following but not limited to:

1. A copy of the copyright registration in the amended complaint along with any attachments;

2. if the copyright registration was filed electronically, a copy of the electronic filing and all attachment;

3. E-mail and other written communication with National Geographic related to the article linked by Rowland; and

4. Other digital information possibly from Delano's digital computer, thumb drives, computer hard drives related to the National Geographic article and photos, and

16. Discovery Deadlines (Plaintiff)

    a. Amended Pleadings- August 28, 2020

    b. Joint Protective Order- September 25, 2020

    c. Fact Discovery Deadline- December 25, 2020

    d. No Expert Discovery anticipated

    e. Summary Judgment motions due- January 15, 2020

    f. Settlement discussions- August 28, 2020

    Defendant's Deadline

a. Amended pleading – September 30, 2020

b. Joint Stipulated Protective Order – September 30, 2020

c. Completing fact discovery – 180 days after last MIDP service

d. Expert disclosure – plaintiff must produce a damages expert, 75 days after its service of MIDP

e. Summary judgment motions due – 90 days after the close of discovery

f. Settlement discussion – 30 days after plaintiff serves its MIDP

17. Jury Trial

18. Plaintiff 1-2 day Jury Trial

    Defendant – 3-4-day jury trial

19. No Other Matters

    Defendant's statement – plaintiff has stated he lives abroad in Japan. Defendant will require an in-person deposition of DelanoDefendant is concerned that plaintiff's counsel will try to hinder the deposition. Defendant needs a way to validate the identity of the defendant. Defendant Rowland is also seeking specific information, that includes ESI.

    Plaintiff's statement – request that due to health crisis that any deposition be held via telephone or video.