IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| James Whitlow Delano,<br><br>       Plaintiff,<br><br> - against –<br><br>Rowland Network Communications LLC<br><br>       Defendant. | 2:19-cv-02811 (MTL)<br><br>**DECLARATION OF<br>RICHARD LIEBOWITZ** |

**RICHARD LIEBOWITZ**, under the penalty of perjury, declares:

  1.  I am an attorney with Liebowitz Law Firm, PLLC (the "Firm"), where I am the founder and managing attorney.

  2.  I am over the age of 18 years old, competent to testify and a member in good standing of the New York State Bar.  I am admitted to practice before this Court and serve as lead counsel for Plaintiff ("Plaintiff").

  3.  I respectfully submit this declaration in response to the Court's order to show cause, dated July 9, 2020.  For the following reasons, I respectfully submit that sanctions are not warranted.

**P**OINT **I:**  **As a Matter of Law, a Violation of Fed.R.Civ. 11(a) Does Not Warrant Sanctions Against the Filing Attorney**

  4.  Due to administrative oversight, I respectfully submit that I neglected to affix my signature and contact information to the Joint Discovery Case Management Plan, filed July 8, 2020 at Dkt. #44 upon filing that document, as required by Fed.R.Civ.P 11(a). I regret my error and apologize to the Court for overlooking this fundamental requirement.

5.  The Court has ordered me to show cause as to why I "should not be sanctioned under Rule 11(a) of the Federal Rules of Civil Procedure." [Dkt. #46]   As a matter of law, an attorney's violation of Rule 11(a) is not sanctionable. Sanctions under Rule 11 are governed by Rule 11(c), which does not warrant sanctions for violation of Rule 11(a).  *See Smith, III v. California Dep't of Corr. & Rehab.,* No. 1:09-CV-02088, 2010 WL 3370055, at *4 (E.D. Cal. Aug. 24, 2010), *subsequently aff'd in part sub nom. Smith v. California Dep't of Corr. & Rehab.*, 502 F. App'x 707 (9th Cir. 2013) ("Sanctions under Rule 11 are governed by subsection (c), which contemplates sanctions for violations of subsection (b): "If ... the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction ...." Federal Rule of Civil Procedure 11(c). There is no provision under Rule 11 that explicitly authorizes the issuance of sanctions for violations of subsection (a). Since Plaintiff's motion seeks sanctions for a violation of Rule 11(a), Plaintiff's motion should be denied").

6.  Rule 11(a) does provide a remedy for an attorney's neglect to comply with that Rule, which is to "strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed.R.Civ.P. 11(a)

**POINT II:    Sanctions Under Rule 16(f)(2) Should Not be Imposed**

7.  "Rule 16(f) gives a federal judge authority to sanction a party or a party's attorney who fails to obey a scheduling order." *Martin Family Tr. v. Heco/Nostalgia Enterprises Co.*, 186 F.R.D. 601, 602 (E.D. Cal. 1999). The rule provides in pertinent part: "If a party or party's attorney fails to obey a scheduling or pretrial order ..., the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just...." Fed.R.Civ.P. 16(f); *see Sherman v. United States,* 801 F.2d 1133, 1135 (9th Cir.1986) (indicating the purpose of Rule 16 is "to encourage forceful judicial management").

8. Rule 16(f)(2) states: "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."

9. I recognize that the parties neglected to timely file the proposed case management plan as required by the Court's order of June 6, 2020. I also recognize that, as a result, the Court has had to commit time to addressing this neglect and I apologize to the Court for the oversight.

10. My noncompliance was a result of my neglect in properly calendaring the deadline indicated in the June 6 order. While I realize that mis-calendaring events on the Court's docket do not necessary show that "noncompliance was substantially justified," I respectfully aver that an award of expenses would be unjust because there has not been a pattern of chronic failure identified in this case.

**POINT III:** **Sanctions Under Rule 37(b)(2)(A) Should Not be Imposed**

11. "Rule 37(b)(2)(A) authorizes the court to impose whatever sanctions are just when a party fails to comply with a discovery order, .. . " *Sanchez v. Rodriguez*, 298 F.R.D. 460, 463 (C.D. Cal. 2014). Moreover, "if a party or its attorney fails to obey a scheduling or other pretrial order," a court is permitted, on motion or on its own, to issue any orders the Court finds just, including those authorized by Rule 37(b)(2)(A)(ii)-(vii). *Davenport v. SP Jedi Inc.*, No. CV-18-02580-PHX-SMM, 2020 WL 2850899, at *1 (D. Ariz. May 1, 2020). By the very nature of its language, sanctions imposed under Rule 37 must be left to the sound discretion of the trial judge." *O'Connell v. Fernandez–Pol,* 542 Fed.Appx. 546, 547–48 (9th Cir.2013).

12. For the same reasons set forth in paragraphs 9-10, *supra*, Plaintiff respectfully requests that the Court decline to impose sanctions under Rule 37.

Dated: Valley Stream, New York
Executed this 24th Day of July, 2020                    Respectfully submitted:


                                                        s/richardpliebowitz/
                                                        **RICHARD P. LIEBOWITZ**